ANDREW MOKAY et al., Respondents, v CONNIE M. MOKAY, Defendant, and FREDERICK J. NERONI, Appellant. [889 NYS2d 291]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Fitzgerald, J.), entered March 18, 2008 in Delaware County, which, among other things, granted plaintiffs' motion for leave to serve a second amended complaint, (2) from an order of said court, entered October 2, 2008 in Delaware County, which, among other things, partially granted plaintiffs' motion for summary judgment, and (3) from an order of said court, entered November 5, 2008 in Delaware County, which denied defendant Frederick J. Neroni's motion for recusal and to vacate a prior order of the court.

Defendant Frederick J. Neroni, an attorney, represented Andrew Mokay Sr. (hereinafter decedent) in a divorce action which included a stipulation on the record before Supreme Court (Peckham, J.) in March 2006. The stipulation provided, in relevant part, that decedent would keep ownership of two of the couple's three parcels of real property, but that, as to those two parcels, he would maintain ownership for life and then pass them to the couple's five children, plaintiffs Andrew Mokay, Daniel Mokay, David Mokay, Patricia Knapp and Christine Reed (hereinafter collectively referred to as the children). As part of the stipulation, decedent also agreed to execute an irrevocable will providing for his five children to receive his estate in equal shares. The stipulation was incorporated, but not merged, into the judgment of divorce.

Shortly after the divorce, decedent and his long time paramour, defendant Connie Mokay (hereinafter Mokay), consulted with Neroni as to whether the transfer of the two parcels to the children could be circumvented. Neroni suggested, among other things, a plan in which decedent and Mokay would get married (which they soon thereafter did) and then he would prepare deeds transferring the parcels to decedent and Mokay as husband and wife (which he did in July 2006). Neroni recorded the deeds with the Delaware County Clerk's office and, on his instruction, the deeds were marked so as to prevent publication of the transactions in the local newspaper. Decedent died in December 2006 and title to the parcels passed to Mokay by operation of law.

When Mokay refused to convey the parcels to the children, they commenced this action against her and Neroni seeking equitable relief and monetary damages in numerous causes of action, including claims against Neroni based on fraud and collusion as well as a violation of Judiciary Law § 487. The parties filed various motions and, in October 2007, Supreme Court (Garry, J.), among other things, denied Neroni's motion to dismiss and further granted partial summary judgment to the children setting aside the July 2006 conveyances, declaring that Mokay held the parcels in constructive trust for decedent's estate and directing her to convey the parcels to the estate. No appeal was taken from this order.

Thereafter, the children moved for permission to serve a second amended complaint adding the estate as a plaintiff. Neroni opposed the motion and cross-moved for summary judgment dismissing the complaint. In response, the children requested summary judgment on the remaining causes of action. Supreme Court (Fitzgerald, J.), in March 2008, granted

the children's motion to amend. Neroni appealed from this order.

In its March 2008 order, Supreme Court also stated that it would consider the children's request for summary judgment to be a motion by plaintiffs for such relief. A return date was set for May 2008, affording the parties an opportunity for further submissions. In October 2008, the court dismissed several of the causes of action, but granted plaintiffs summary judgment against Neroni on the causes of action asserting fraud and collusion and a violation of Judiciary Law § 487. Neroni appealed from the October 2008 order. Neroni subsequently moved to vacate the October 2008 order and sought recusal of Supreme Court (Fitzgerald, J.). The motion was denied in November 2008 and Neroni appealed. The three appeals have been consolidated and are now before us.

We consider first Neroni's argument that it was error to permit a second amended complaint adding the estate as a plaintiff. It is well settled that "leave to amend a complaint rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (*Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [2002]; *see Smith v Haggerty*, 16 AD3d 967, 967-968 [2005]). Neroni does not assert prejudice and the proposed amendment is not wholly lacking merit. Supreme Court did not abuse its discretion in permitting the service of a second amended complaint.

Next, we turn to Neroni's argument that his conduct was "covered by advisor's immunity" and therefore not actionable. It is the general rule that "attorneys, in the exercise of their proper functions as such, shall not be civilly liable for their acts when performed in good faith and for the honest purpose of protecting the interests of their clients" (*Gifford v Harley*, 62 AD2d 5, 7 [1978] [internal quotation marks and citation omitted]). However, "[a]n attorney may be held liable to third parties for wrongful acts if guilty of fraud or collusion or of a malicious or tortious act" (*Kahn v Crames*, 92 AD2d 634, 635 [1983]; *see Mills v Dulin*, 192 AD2d 1001, 1003 [1993]; *Koncelik v Abady*, 179 AD2d 942, 944 [1992]). Moreover, Judiciary Law § 487 sets forth a civil cause of action that may be established by, among other things, an attorney's intent to deceive (*see Amalfitano v Rosenberg*, 12 NY3d 8, 14 [2009]; *Scarborough v Napoli, Kaiser & Bern, LLP*, 63 AD3d 1531, 1533 [2009]; *Singer v Whitman & Ransom*, 83 AD2d 862, 863 [1981]).

Here, Neroni's actions were directed at a judgment of

Supreme Court of which he was fully aware and had, in fact, participated in constructing the terms thereof. He was present and representing decedent at the time the terms of the pertinent stipulation were placed on the record and he was involved in the stipulation being incorporated into the judgment of divorce. The stipulation was neither ambiguous nor unenforceable. It clearly provided that decedent would keep the two parcels during his life, but that such parcels would ultimately pass to his five children.* Plaintiffs presented proof, including a detailed affidavit from Mokay, establishing that, despite his obvious knowledge of the stipulation, Neroni suggested to decedent shortly after the divorce various schemes to attempt to circumvent the transfer and, when decedent elected one of those schemes, Neroni prepared the documents he had advised would successfully accomplish the nefarious goal. The documents were executed and Neroni had them recorded in a fashion aimed at avoiding publication of the transactions. This proof was sufficient to meet plaintiffs' threshold burden and Neroni failed to contest these basic underlying facts. Accordingly, Supreme Court properly granted plaintiffs' motion for partial summary judgment.

We find no merit in Neroni's assertion that Supreme Court should have recused itself. "Absent a legal disqualification under Judiciary Law § 14, which was not present here, 'a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion' " (*Matter of Albany County Dept. of Social Servs. v Rossi*, 62 AD3d 1049, 1050 [2009], quoting *Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]). Neroni's argument that Supreme Court relied upon testimony that the court knew to be perjured is devoid of merit. His further contentions on the recusal issue reflect little more than displeasure or disagreement with the court's decision.

The remaining arguments have been considered and are unavailing.

---

* The terms of the stipulation, as stated by the attorney for decedent's first wife, were set forth on the record as follows: "[Decedent] shall then have and maintain the ownership of the other two properties for which he agrees to maintain insurance coverage on both properties and agrees to continue to pay the taxes so long as he is living. He further agrees that those two properties shall be passed to his five children equally per stirpes in the form of a judgment within the divorce decree and also in the form of an irrevocable will, which he shall make within the next 10 days and file in the Surrogate['s] Court, County of Delaware, agreeing that upon his demise, he shall convey these other two pieces of real estate, for which a copy of a deed shall be attached to the divorce decree, so that I can file that in the miscellaneous records, to each of the children equally per stirpes."

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, with costs.