Lahtinen, J.P.
Appeals (1) from an order of the Supreme Court (Garry, J.), entered October 5, 2007 in Delaware County, which, among other things, denied defendant Frederick J. Neroni’s motion to dismiss the complaint against him, (2) from two orders of said court (Becker, J.), entered September 26, 2011 in Dela *1176 ware County, which, among other things, denied defendant Frederick J. Neroni’s motions to, among other things, disqualify the assigned Acting Supreme Court Justice, (3) from two orders of said court (Becker, J.), entered January 6, 2012 in Delaware County, which, among other things, partially granted plaintiffs’ motion for a protective order and sua sponte imposed sanctions on defendant Frederick J. Neroni and Tatiana Neroni, and (4) from an order of said court, entered July 10, 2012, which denied defendant Frederick J. Neroni’s motion to, among other things, compel discovery.
The facts underlying this litigation are set forth in our decision in an earlier appeal (67 AD3d 1210 [2009]). Briefly stated, defendant Frederick J. Neroni (hereinafter defendant), a former attorney, assisted Andrew Mokay Sr., now deceased (hereinafter decedent), in a scheme aimed at circumventing an open court stipulation in a divorce action by creating an ownership right in decedent’s companion, defendant Connie Mokay (hereinafter Mokay), to real property that, under the stipulation, was supposed to be preserved for decedent’s children. The children, later joined by decedent’s estate, commenced this action against defendant and Mokay. In October 2007, Supreme Court (Garry, J.), among other things, declared that Mokay held the property in a constructive trust for decedent’s estate and directed Mokay to transfer the property to the estate. In a series of orders in 2008, which were before us and affirmed in the earlier appeal, Supreme Court (Fitzgerald, J.), among other things, granted plaintiffs summary judgment against defendant on their fraud and Judiciary Law § 487 causes of action. Since our prior decision, extensive motion practice has ensued resulting in, as relevant to this appeal, various decisions and orders by Supreme Court (Becker, J.), which, among other things, denied defendant’s motion to disqualify said court, imposed sanctions on defendant and his counsel, Tatiana Neroni, and denied defendant’s motion to compel discovery. Defendant appeals from these orders as well as from the October 2007 order, and his counsel appeals from the order imposing sanctions on her.
The appeal from the October 2007 order, which was filed in April 2012, is untimely. Defendant contends that he was never served with notice of entry of said order. In our 2009 decision in the earlier appeal we noted, as part of the procedural background, the October 2007 order and the fact that no appeal had been taken from such order (67 AD3d at 1211). Review of the record and supplemental record from such appeal reveals repeated references to the October 2007 order by defendant in one of his affirmations. More importantly, the record included a *1177 February 2008 motion by plaintiffs that was served upon defendant, which contained as an exhibit the October 2007 order, the order was referred to in the affirmation of plaintiffs’ attorney, and such order contained written notice, signed by the clerk, that it had been entered on October 5, 2007. This was sufficient to trigger, as of February 2008, the 30-day period for defendant to take an appeal from such order (see Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 662, 662-663 [2008]; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490 [2007]; Meyer v Meyer, 228 AD2d 955, 956 [1996], lv dismissed and denied 88 NY2d 1062 [1996]; see also Norstar Bank of Upstate NY v Office Control Sys., 78 NY2d 1110, 1111 [1991]; cf. Matter of Reynolds v Dustman, 1 NY3d 559, 560 [2003]).
We consider next defendant’s argument that Supreme Court (Becker, J.) improperly restricted his discovery. It is well established that the trial court has broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion (see e.g. Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; Herbenson v Carrols Corp., 101 AD3d 1220, 1221 [2012]; Feldman v New York State Bridge Auth., 40 AD3d 1303, 1305 [2007]). In January 2012, the court granted, in part, plaintiffs’ request for a protective order regarding recent additional demands that had been made by defendant. Thereafter, in February 2012, defendant served plaintiffs with a demand to file a note of issue, which was followed by a supplemental demand for a bill of particulars. Plaintiffs filed the note of issue but opposed the supplemental demand, asserting that it was an attempt by defendant to circumvent the January 2012 order. Defendant then moved to strike the note of issue and compel responses to its supplemental demand. Supreme Court denied defendant’s motion in July 2012. Upon review of the motions related to discovery and the pertinent portions of the record — noting the unduly excessive and often irrelevant demands by defendant — we are unpersuaded that Supreme Court abused its discretion.
Defendant contends that Supreme Court erred in denying his motion to consolidate this Supreme Court action with the Surrogate’s Court proceeding. It is not clear from the rather voluminous record, which is not organized in compliance with our rules (see 22 NYCRR 800.5), whether this issue is properly before us. In any event, the court has discretion regarding whether to consolidate proceedings (see Matter of Powers v De Groodt, 43 AD3d 509, 512 [2007]; Guasconi v Pohl, 2 AD3d 1202, 1203 [2003]), and defendant has failed to show an abuse *1178 of that discretion or circumstances whereby we should substitute our discretion for that of the trial court (see Sims v Manley, 69 NY2d 912, 914 [1987]).
Defendant asserts that Supreme Court was disrespectful, biased and had a personal grudge against him and his counsel, and that the court should have recused itself from hearing the case. This is not the first time during the pendency of this action that defendant has alleged, after an unfavorable decision, that a judge should no longer hear cases involving him (see 67 AD3d at 1213; see also Matter of Adams v Bracci, 100 AD3d 1214, 1215-1216 [2012]). The record fails to establish any merit to this assertion (see Matter of Albany County Dept. of Social Servs. v Rossi, 62 AD3d 1049, 1050 [2009]).
We further find no merit to the argument of defendant and his counsel that they were improperly subjected to monetary sanctions. Supreme Court provided notice of the ground for a possible sanction, afforded a reasonable opportunity to be heard and set forth in a written decision the reasons it was imposing sanctions (see 22 NYCRR 130-1.1 [d]; 130-1.2). In its decision, it noted previous frivolous motions and arguments, efforts by defendant and his counsel to unduly delay the case, and their failure to address substantive issues while continuing to directly attack the court on a variety of baseless grounds. The court acted within its discretion in finding sanctionable conduct and imposing a $2,500 sanction on both defendant and his counsel (see generally Shields v Carbone, 99 AD3d 1100, 1101-1103 [2012]; Ireland v GEICO Corp., 2 AD3d 917, 919-920 [2003]).
The remaining arguments have been considered and are either not properly before us or lacking in merit.
Stein, Spain and Egan Jr., JJ., concur. Ordered that the appeal from the order entered October 5, 2007 is dismissed. Ordered that the orders entered September 26, 2011, January 6, 2012 and July 10, 2012 are affirmed, with costs.