*Neroni v. Becker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand fourteen.

PRESENT:

> **RALPH K. WINTER,**
> **CHESTER J. STRAUB,**
> **PETER W. HALL,**
> > *Circuit Judges.*

_____

**FREDERICK J. NERONI,**

> **Plaintiff - Appellant,**

> v.                                    13-263

**CARL F. BECKER, in his official capacity as a Judge of Surrogate's Court and Acting Supreme Court Justice of Delaware County, and in his individual capacity, STATE OF NEW YORK,**

> **Defendants - Appellees.**

_____

**FOR PLAINTIFF-APPELLANT:**        Frederick J. Neroni, *pro se*, Delhi, NY.

**FOR DEFENDANTS-APPELLEES:**        Andrew B. Ayers, Assistant Solicitor
                                     General of Counsel (Barbara D. Underwood,
                                     Solicitor General, Denise A. Hartman,

Senior Assistant Solicitor General, *on the brief*) *for* Eric Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.

Appellant Frederick Neroni, a disbarred attorney proceeding *pro se*, appeals the judgment of the district court dismissing his claims against New York state court Judge Carl Becker, who presided over a civil suit against Appellant arising from the events that led to his disbarment. *Cf. Mokay v. Mokay*, 67 A.D.3d 1210 (3d Dep't 2009). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). We also review *de novo* "the essentially legal determination of whether the requirements for abstention have been met." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (internal quotation marks omitted).

We affirm the district court's dismissal of Appellant's claims for injunctive relief related to Judge Becker's rulings in his case or potential future involvement in other cases. His claims for retrospective relief are barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 71–73 (1985). His claims for prospective injunctive relief also fail because, as the district

2

court properly concluded, any potential injury from Judge Becker's involvement in further state court proceedings involving Appellant are highly speculative given Judge Becker's recusal from all such cases. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (to warrant injunctive relief, a litigant must show, *inter alia*, irreparable harm that is "not remote or speculative[,] but actual and imminent").

Appellant challenges the constitutionality of two New York statutes. The district court abstained based on the three-part test derived from *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). *See, e.g.*, *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims."). While this appeal was pending, however, the Supreme Court rejected this three-part test in favor of a categorical approach. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591, 593 (2013). We therefore vacate the district court's decision to abstain pursuant to *Younger*, and remand Appellant's constitutional claims to the district court with instructions to consider, in the first instance, whether abstention remains appropriate in light of *Sprint*. In doing so, we express no opinion as to the continued applicability of *Younger* in this case or as to the merits of Appellant's claims.

The district court's dismissal of Appellant's claims for injunctive relief is **AFFIRMED**.

We **VACATE AND REMAND** for further consideration that portion of the district court's decision in which it abstained from deciding Appellant's constitutional claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk