13-510-cv
*Bracci v. Becker*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand fourteen.

PRESENT:

      RALPH K. WINTER,
      JOHN M. WALKER, JR.,
      JOSÉ A. CABRANES,
             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALECIA BRACCI, FREDERICK J. NERONI, TATIANA NERONI,

      *Plaintiffs-Appellants,*

and

BARBARA O'SULLIVAN,

      *Appellant,*

        -v.-                                   No. 13-510-cv

CARL F. BECKER, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY
JUSTICE OF NEW YORK STATE, DELAWARE COUNTY FAMILY
COURT, SURROGATE'S COURT, COUNTY COURT, ACTING
JUSTICE OF SUPREME COURT, ET AL.,

      *Defendants-Appellees*

and

1

UNITED STATES OF AMERICA,

        *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Tatiana Neroni, *pro se*, Delhi, NY; Frederick Neroni, *pro se*, Delhi, NY; Alecia Bracci, *pro se*, Albany, NY; Barbara O'Sullivan, *pro se*, Delhi, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Andrew B. Ayers, Assistant Solicitor General of Counsel (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 9, 2013, judgment of the District Court is **AFFIRMED**.

*Pro se* appellants Tatiana Neroni (an attorney), her husband, Frederick Neroni (a disbarred attorney), her former client, Alecia Bracci, and Bracci's mother, Barbara O'Sullivan, brought this 42 U.S.C. § 1983 action against Judge Carl Becker, who sits on various courts in Delaware County, New York. Appellants alleged that Judge Becker violated their constitutional rights by ruling against them and sanctioning them in a number of state-court cases (including a family court case involving Bracci). They sought damages and injunctive relief against Judge Becker and other judges who did not sanction or remove Judge Becker. The District Court dismissed their claims. It held, *inter alia*, that judicial immunity barred their claims against Judge Becker and the other judges who did not remove him from plaintiffs' cases. The District Court also rejected their facial challenge to New York's regulatory schemes for judicial recusal. The District Court rejected a proposed supplemental complaint as futile because plaintiffs' proposed conspiracy claims were vague and conclusory, and their proposed challenges to the New York Family Court Act and its application in prior family court proceedings lacked merit. Appellants generally challenge the dismissal of their complaint and denial of their motion to supplement, and argue that the District Court was biased against them. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper

"when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We also review *de novo* "the essentially legal determination of whether the requirements for abstention have been met." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (internal quotation marks omitted). We review a district court's denial of a motion to supplement a complaint for abuse of discretion. *Weeks v. New York*, 273 F.3d 76, 87 (2d Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Upon such review, we affirm for substantially the reasons stated in the District Court's thorough and well-reasoned order.[1] We have considered all of appellants' arguments on appeal and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We note that the District Court found that *Younger* abstention precluded it from considering appellants' claims that were, at the time, being litigated in state court. The court applied the three-part test derived from *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *See, e.g., Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims."). While this appeal was pending, however, the Supreme Court rejected this three-part test in favor of a so-called categorical approach. *See Sprint Commc'ns., Inc. v. Jacobs*, 134 S. Ct. 584, 591, 593 (2013). In another case concerning the Neronis and Judge Becker, we vacated the district court's decision to abstain pursuant to *Younger* and remanded with instructions to consider whether abstention remained appropriate in light of *Sprint*. *See Neroni v. Becker*, No. 13-263-cv, 2014 WL 657927, at *1–2 (2d Cir. Feb. 21, 2014) (summary order). Remand is unnecessary here. Although the district court found that *Younger* abstention precluded it from considering any of appellants' claims that were being litigated in the state court proceeding (effectively all of their claims against Judge Becker), the court had already properly held that their claims concerning Judge Becker were barred by judicial immunity, sovereign immunity, and the *Rooker-Feldman* doctrine.