Neroni v. Coccoma

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURTS LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION A SUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fifteen.

PRESENT:

> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

FREDERICK J. NERONI,

*Plaintiff-Appellant*,

v.                                                                                    14-2381

MICHAEL V. COCCOMA, individually and as the Deputy Chief Administrative Judge in charge of Upstate New York courts, A. GAIL PRUDENTI, individually and as the Chief Administrative Judge of Upstate New York, ROBERT MULVEY, individually and as Chief Administrative Judge, 6th Judicial District, ELLEN L. COCCOMA, individually and as a former member of the Committee for Professional Conduct, Appellate Division, Third Judicial Department, HINMAN, HOWARD & KATTELL, LLP, a Binghamton law firm, KEVIN DOWD, Individually and as a Supreme Court Justice, State of New York, assigned to the Delaware County

**Supreme Court case Kilmer v. Moseman, Delaware County Index No. 2009-298, Mokay v. Mokay, Delaware County Index No. 2007-695, EUGENE PECKHAM, individually and as the former Acting Supreme Court justice assigned to the Delaware County Supreme Court case Kilmer v. Moseman, Delaware County Index No. 2009-298, and as a judicial hearing officer in Delaware County Supreme Court, LEVENE, GOULDIN AND THOMPSON, LLP, MARGARET FOWLER, ESQ., THOMAS MERCURE, individually and as the former acting Chief Judge, Appellate Division, Third Judicial Department, KAREN PETERS, individually and as the Chief Judge, Appellate Division, Third Judicial Department, KELLY SANFILIPPO, Court Clerk Delaware County Supreme, County and Surrogate's Court, in her official capacity only,**

*Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Frederick J. Neroni, pro se, Delhi, N.Y. |
| **FOR DEFENDANTS-APPELLEES MICHAEL COCCOMA, PRUDENTI, MULVEY, ELLEN COCCOMA, DOWD, PECKHAM, MERCURE, PETERS, AND SANFILLIPPO:** | Andrew B. Ayers, Assistant Solicitor General, Barbara D. Underwood, New York State Office of the Attorney General, New York, N.Y. |
| **FOR DEFENDANT-APPELLEE HINMAN, HOWARD & KATTELL, LLP:** | James Smith Gleason, Hinman, Howard & Kattell, LLP, Binghamton, N.Y. |
| **FOR DEFENDANTS-APPELLEES LEVENE, GOULDIN AND THOMPSON, LLP and MARGARET FOWLER:** | Robert A. Barrer, Hiscock & Barclay, LLP, Syracuse, N.Y. |

Appeal from the judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion for certification is **DENIED**.

Frederick J. Neroni appeals from the district court's judgment dismissing his complaint brought under 42 U.S.C. § 1983 for violations of his constitutional rights and denying his motion to recuse Judge Sharpe. We assume the parties= familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court decision dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). Where a district court grants a defendant's Rule 12(b)(1) motion to dismiss, we review the district court's legal conclusions de novo and its factual findings for clear error. *Aurecchione v. Schoolman Transp. Sys. Inc.*, 426 F.3d 635, 638 (2d Cir. 2006). In each instance, we "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *Litwin*, 634 F.3d at 715; *see also Triestman*, 470 F.3d at 474. Dismissal of a case under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

A district judge's decision not to recuse himself from a proceeding or disqualify counsel is reviewed for abuse of discretion. *SEC v. Razmilovic*, 738 F.3d 14, 30 (2d Cir. 2013) (recusal); *GSI Commerce Solutions, Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010) (disqualification). We affirm for substantially the same reasons stated by the district court in its well-reasoned opinion. *Neroni v. Coccoma*, No. 3:13-CV-1340, 2014 WL 2532482, at *4-14 (N.D.N.Y. June 5, 2014). Neroni argues that the district court erred by holding that the New York Committee on Professional Standards is "an arm of the appellate division." However, we have consistently extended quasi-judicial immunity to attorney disciplinary committees. *See Anonymous v. Ass'n of the Bar of City of New York,* 515 F.2d 427, 433 (2d Cir. 1975) (noting that a Grievance Committee "acts as a quasi-judicial body" and thus "is an arm of the Appellate Division"), (quoting *Wiener v. Weintraub*, 22 N.Y.2d 330, 331-32 (1968)).

We decline to consider Neroni's argument, raised for the first time on appeal, that his wife's suit against Judge Sharpe warranted recusal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Finally, in our discretion we deny Neroni's motion to certify several questions to the New York Court of Appeals. We note that the question of whether particular conduct constitutes state action under Section 1983 is a matter of federal law, not state law. *Powe v. Miles*, 407 F.2d 73, 82-83 (2d Cir. 1968) (declining to consider state decisions in determining whether official conduct constitutes state action under Section 1983).

We have considered Neroni's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk