Neroni v. Becker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

**PRESENT:**
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> > *Circuit Judges.*

―――――――――――――――――――――――――

**Frederick J. Neroni,**

> *Plaintiff-Appellant*,

> **v.**                                                                                                      **14-2290**

**CARL F. BECKER, in his official capacity as a Judge of Surrogate's Court and Acting Supreme Court Justice of Delaware County, and in his individual capacity, STATE OF NEW YORK,**

> *Defendants-Appellees*.

―――――――――――――――――――――――――

**FOR DEFENDANT-APPELLANT:**        Frederick J. Neroni, pro se, Delhi, N.Y.

**FOR DEFENDANTS-APPELLEES:**       Andrew B. Ayers, Assistant Solicitor General, New York State Office of the Attorney General, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frederick J. Neroni, pro se, appeals from the district court's decision, on remand, to abstain from considering his constitutional challenges to New York Judiciary Law § 487 and Civil Rights Law § 52 based on a suit pending against him in state court, *Mokay v. Mokay*, 889 N.Y.S.2d 291 (3d Dep't 2009); *see also Mokay v. Mokay*, 2015 WL 264009 (3d Dep't 2015). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "must review de novo the essentially legal determination of whether the requirements for abstention have been met." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002) (internal quotation marks omitted). When the requirements of *Younger* are met, abstention is mandatory. *Id.* The Supreme Court in *Sprint* held that only three exceptional circumstances warrant abstention: (1) state criminal prosecutions; (2) civil enforcement, or "quasi-criminal," proceedings; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (internal quotation marks omitted). Civil enforcement proceedings, the second category, may qualify for abstention when they are "akin to a criminal prosecution in important respects." *Id.* at 592 (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (internal quotation marks omitted). Characteristics of such proceedings typically include that: (1) they are initiated to sanction the federal plaintiff for some wrongful act; (2) "a

2

state actor is routinely a party to the state proceeding and often initiates the action"; and (3) investigations are often involved and result in the filing of a formal complaint or charges. *Id.*

Upon review, we conclude that the district court correctly abstained from considering Neroni's challenge to JL § 487. Neroni's argument that *Mokay* was not a civil enforcement proceeding because it was initiated by a private party fails. The state is "routinely," but not necessarily, a party to such proceedings. *Sprint*, 134 S. Ct. at 592. He further argues that the purpose of JL § 487 is not to sanction attorneys but to allow a private party to claim damages. As he admits, however, the statute allows for treble, not simply compensatory, damages. Finally, Neroni fails to explain why the fact that formal disciplinary charges were brought in a separate proceeding should have changed the district court's analysis, nor does he cite any authority supporting that conclusion. The policy considerations underlying abstention from civil enforcement proceedings are equally relevant regardless of how the process began. *See Huffman*, 420 U.S. at 604-05 (abstention was appropriate where federal intervention had "disrupted th[e] State's efforts to protect the very interests which underlie its criminal laws and to obtain compliance with precisely the standards which are embodied in its criminal laws").

Neroni correctly observes that the district court provided no analysis supporting its decision to abstain from considering his challenge to CRL § 52. Nonetheless, we can affirm on alternative grounds. *See Johnson v. Nyack Hosp.*, 964 F.2d 116, 122 (2d Cir. 1992). Neroni's request to videotape the proceedings to obtain evidence of Judge Becker's alleged bias was rendered moot by the judge's recusal. *See New York City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992) (stating that a federal court lacks jurisdiction when a claim becomes moot). Any claim regarding a request to videotape future proceedings was not ripe for

review because Neroni did not allege that he sought to make a video recording of state court proceedings, but was denied under § 52. *See, e.g.*, *Simmonds v. I.N.S.*, 326 F.3d 351, 359 (2d Cir. 2003).

We have considered Neroni's remaining arguments and find them to be without merit. In addition, we have reviewed the parties' respective letters submitted pursuant to Federal Rule of Appellate Procedure 28(j), and find the arguments therein unnecessary to our disposition of this appeal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk