13-3909-cv
*Neroni v. Becker*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FREDERICK J. NERONI,

                   *Plaintiff-Appellant*,

TATIANA NERONI,

                   *Appellant*,

                   v.                                    13-3909

CARL F. BECKER, in his official capacity as
Judge of Surrogate's Court and Acting
Supreme Court Justice of Delaware County,
and in his individual capacity, STATE OF
NEW YORK,

                   *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Frederick J. Neroni, *pro se*, Delhi, New York.

FOR APPELLANT:                    Tatiana Neroni, *pro se*, Delhi, New York.

FOR DEFENDANTS-APPELLEES:         Andrew B. Ayers and Denise Ann Hartman,
                                  Assistant Solicitors General, New York State
                                  Office of the Attorney General, Albany, New
                                  York.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Frederick Neroni and his trial counsel, appellant Tatiana Neroni, both proceeding *pro se*, appeal from the district court's judgment filed September 12, 2013, awarding attorneys' fees and costs against them, jointly and severally, in the amount of $6,997.50. In a decision and order filed September 12, 2013, the district court granted defendants' motion for costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b), 28 U.S.C. § 1927, and the court's inherent power. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's award of attorneys' fees under 42 U.S.C. § 1988 for abuse of discretion. *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012). This standard "takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better

-2-

position to make [such] decisions than is an appellate court, which must work from a cold record." *Id.* (internal quotation mark omitted). "Whether a litigant is a 'prevailing party'" under a fee-shifting provision "constitutes a question of law warranting *de novo* review." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam). Additionally, we review a district court's decision to impose costs pursuant to 28 U.S.C. § 1927 or its inherent authority for abuse of discretion. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). We conclude there was no abuse here.[1]

First, the district court properly exercised jurisdiction over the defendants' application for attorneys' fees. "We have consistently held that '[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees.'" *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (quoting *In re Austrian & Ger. Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003)). Moreover, "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." *Id.* Thus, the Neronis' argument that the district court lacked jurisdiction to rule on the defendants' fee application because a judgment and notice of appeal had been already filed is without merit.

---

[1] Although there were proceedings in this case subsequent to the award of fees and costs, we see no need to remand. The district court subsequently ruled that abstention was still appropriate and it did not alter its prior conclusion that the Neronis' arguments throughout the case were baseless, without foundation, and vexatious. A separate panel affirmed the district court's application of *Younger* abstention to Neroni's claims. *See Neroni v. Becker*, 595 F. App'x 94, 95 (2d Cir. 2015).

Second, there is no merit to the Neronis' assertion that fees were not appropriate because the case was not decided on the merits. "[D]istrict courts may award costs after an action is dismissed for want of jurisdiction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013) ("[A] district court may still award attorney's fees after dismissing the underlying action for lack of subject-matter jurisdiction."). Moreover, the Supreme Court has explained that "[*Younger* abstention] does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced." *Ohio Civil Rights Comm'n v. Dayton Christian Schs.*, 477 U.S. 619, 626 (1986). Thus, the court did not err by considering the defendants' fee application.

Third, the district court did not abuse its discretion in awarding fees and costs. In civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). When the prevailing party is the defendant, attorneys' fees may be recovered if the underlying action was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (internal quotation marks omitted). Here, on *de novo* review, defendants were "prevailing parties," and the action was indeed frivolous, unreasonable, and groundless.

-4-

The district court also awarded fees and costs pursuant to 28 U.S.C. § 1927 and its inherent authority. Under 28 U.S.C. § 1927, a court may require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court's inherent authority permits it to impose costs and fees against an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). The district court found that many of the arguments advanced by the Neronis lacked factual support and were baseless and vexatious. Specifically, the court found that the Neronis "pursued [the] action in bad faith," and that their "submissions throughout [the case] ha[d] been rife with conjecture, irrelevant personal accusations, and a blatant disregard for well-settled legal principles." *Neroni v. Becker*, No. 12-CV-1226, 2013 WL 5126004, at *3 (N.D.N.Y. Sept. 12, 2013). These findings were well-supported by the record, and the district court did not abuse its discretion in imposing sanctions.

Finally, as to the amount of fees and costs, there was no abuse of discretion. Defendants' principal attorney was an experienced litigator with over 22 years of experience, charged a rate of $225 per hour, and expended 31.1 hours defending against the action. The award of the modest sum of $6,997.50 was reasonable. *See, e.g., Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 290 (2d

-5-

Cir. 2011) (holding that, in 2011, an award of $210 per hour for an experienced civil rights attorney in the Northern District of New York was "located within the range of permissible decisions").

We have considered the Neronis' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk