# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
     BARRINGTON D. PARKER,
     RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

IN RE FREDERICK J. NERONI

FREDERICK J. NERONI,

    *Appellant.*          14-4765

_____

| | |
|---|---|
| **FOR APPELLANT:** | Frederick J. Neroni, *pro se*, Delhi, New York. |
| **FOR THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK:** | Matthew Collette and Jaynie Lilley, U.S. Department of Justice, Civil Division, *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Washington, DC. |

1

Appeal from an order of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Frederick J. Neroni, proceeding *pro se*, appeals from the District Court's November 26, 2014 order enjoining him from filing any pleading or other document in the United States District Court for the Northern District of New York (the "Northern District") without permission of the Chief Judge. We assume Neroni's familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's sanctions order for "abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012); *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). A district court may, in its discretion, impose a filing injunction if confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct." *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 39 (2d Cir. 1995) (internal quotation marks omitted); *see also generally Sassower v. Sansverie*, 885 F.2d 9 (2d Cir. 1989). A district court may impose sanctions pursuant to its inherent authority, even if other procedural rules authorize sanctions as well. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50 (1991). But a district court "may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (internal quotation marks omitted). We consider the following factors in reviewing the filing injunction imposed in this case:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 528 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Applying these factors, we conclude that the District Court did not "abuse its discretion" by issuing the challenged injunction. We begin by reviewing Neroni's history of litigation and his motive in pursuing federal lawsuits. Neroni has brought six actions in the Northern District, and all of his

claims in those actions have been dismissed for failure to state a claim or on procedural grounds. *See Neroni v. Zayas*, No. 3:13-CV-0127 (LEK/DEP), 2015 WL 3544652 (N.D.N.Y. June 4, 2015), *appeal docketed*, No. 15-2030 (2d Cir. June 23, 2015); *Neroni v. Mayberger*, No. 3:13-CV-1339 (GTS/DEP), 2015 WL 1413333 (N.D.N.Y. Mar. 27, 2015); *Neroni v. Grannis*, No. 3:11-CV-1485 (LEK/DEP), 2014 WL 5782473 (N.D.N.Y. Nov. 6, 2014); *Neroni v. Coccoma*, No. 3:13-CV-1340 (GLS/DEP), 2014 WL 2532482 (N.D.N.Y. June 5, 2014), *aff'd*, 591 F. App'x 28 (2d Cir. 2015); *Neroni v. Zayas*, No. 3:13-CV-0127 (LEK/DEP), 2014 WL 1311560 (N.D.N.Y. Mar. 31, 2014), *appeal docketed*, No. 15-2030 (2d Cir. June 23, 2015); *Neroni v. Grannis*, No. 3:11-CV-1485 (LEK/DEP), 2013 WL 1183075 (N.D.N.Y. Mar. 21, 2013), *appeal dismissed*, No. 13-1568 (2d Cir. Feb. 11, 2014); *Bracci v. Becker*, No. 1:11-CV-1473 (MAD/RFT), 2013 WL 123810 (N.D.N.Y. Jan. 9, 2013), *aff'd*, 568 F. App'x 13 (2d Cir. 2014); *Neroni v. Becker*, No. 3:12-CV-1226 (GLS/DEP), 2012 WL 6681204 (N.D.N.Y. Dec. 21, 2012), *aff'd in part, vacated in part by* 555 F. App'x 118 (2d Cir. 2014), *dismissed on remand*, *Neroni v. Becker*, No. 3:12-CV-1226 (GLS/DEP), 2014 WL 2532479 (N.D.N.Y. June 5, 2014), *aff'd*, 595 F. App'x 94 (2d Cir. 2015).[1] Many of the lawsuits are similar to one another: they attack state-court judges and court officials for alleged bias in certain state-court proceedings and assert meritless constitutional claims relating to Neroni's disbarment. *See, e.g.*, *Mayberger*, 2015 WL 1413333, at *1; *Coccoma*, 2014 WL 2532482, at *1 ("This case presents yet another chapter in a barrage of lawsuits filed by Neroni, a disbarred and disgruntled former attorney . . . ."). The judges tasked with adjudicating these suits have repeatedly characterized Neroni's claims as entirely frivolous. *See, e.g.*, *Coccoma*, 2014 WL 2532482, at *12 (describing complaint as "frivolous, baseless, and vexatious"); *Grannis*, 2013 WL 1183075, at *9 ("The claims . . . are conclusory, wildly speculative, and legally deficient."); *Neroni v. Becker*, No. 3:12-CV-1226 (GLS/DEP), 2013 WL 5126004, at *3 (N.D.N.Y. Sept. 12, 2013), *aff'd*, 609 F. App'x 690 (2d Cir. 2015) ("Neroni's submissions throughout have been rife with conjecture, irrelevant personal accusations, and a blatant disregard for well-settled legal principles . . . ."). In these circumstances, it was reasonable for the District Court to conclude that Neroni has a history of filing vexatious, duplicative lawsuits and that he has pursued his program of litigation in bad faith.

Turning to the third and fourth factors, the District Court observed that Neroni has proceeded *pro se* in these cases, except for those in which his wife, Tatiana, has represented him and joined him as a co-plaintiff. It further noted that his frequent lawsuits have unnecessarily burdened the Court and its personnel, to say nothing of the defendants who have been forced to appear and defend against Neroni's spurious claims. *See Iwachiw*, 396 F.3d at 529.

Finally, with respect to the fifth factor, the District Court reasonably concluded that no sanction short of a filing injunction would be adequate to stop Neroni from filing meritless lawsuits.

---

[1] The District Court did not rely on *Mayberger* in its orders, but we may take judicial notice of filings in other courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).

In an earlier case, the District Court sanctioned Neroni by awarding attorney's fees and costs. *Becker*, 2013 WL 5126004, at *3. Neroni nevertheless continued to file frivolous actions, resulting in more sanctions. *See Neroni v. Coccoma*, No. 3:13-CV-1340 (GLS/DEP), 2014 WL 3866307, at *2 (N.D.N.Y. Aug. 6, 2014), *aff'd sub nom. Neroni v. Hinman, Howard & Kattell, LLP*, 607 F. App'x 113 (2d Cir. 2015) (imposing sanctions "because Neroni's submissions throughout this litigation have been rife with conjecture, irrelevant personal accusations, and baseless legal arguments"). Nor did those sanctions deter Neroni: rather than altering his conduct, he has accused several Northern District judges of bias and demanded their recusal. *See, e.g.*, Memorandum of Law in Support of Motion to Recuse and Vacate, *Neroni v. Grannis*, No. 3:11-CV-1485 (N.D.N.Y. Nov. 16, 2015), ECF No. 68 (seeking recusal of District Judge Lawrence E. Kahn and Chief Magistrate Judge David E. Peebles). Accordingly, each of the relevant factors supported the District Court's decision to enjoin Neroni from further filings.

Neroni's remaining arguments fail to establish any error below. The District Court gave Neroni notice and an opportunity to be heard, as our case law requires, by issuing an order to show cause and allowing Neroni fourteen days in which to respond (which Neroni did, in a 355-page document containing extensive legal argument and fifty-six exhibits). Neroni's argument that he did not receive proper notice of the legal basis for the injunction is easily rejected: although the District Court did not cite 28 U.S.C. § 1651(a) in its order to show cause, it clearly explained that it was issuing the order pursuant to its inherent authority to sanction litigants who abuse the judicial process, and it identified relevant case law discussing that authority. *See* Order to Show Cause at 2, *In re Frederick J. Neroni*, No. 3:14-AF-5 (N.D.N.Y. Oct. 20, 2014), ECF No. 1 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." (quoting *Shafii*, 83 F.3d at 571)). This sufficed to inform Neroni of the source of the Court's authority to impose a filing injunction — particularly in view of Neroni's status as a former attorney, not an ordinary *pro se* litigant.

Neroni also argues that the filing injunction orders him to provide a "full-blown background check" every time he files a pleading in the Northern District and is therefore overbroad and unduly burdensome. To be sure, the injunction requires Neroni to furnish the District Court with a good deal of information — including his litigation history, a description of his involvement in each of his lawsuits, and a statement indicating whether he is attempting to sue a party who was involved in one of his earlier cases — whenever he files a pleading. But the decision to impose these requirements was not an "abuse of discretion." They are tailored to address the types of lawsuits Neroni has filed in the past and are no broader than is necessary to protect the Court and would-be defendants from similar vexatious litigation in the future. Furthermore, the injunction is limited to filings in the Northern District; it covers neither any other federal district nor any state court. *See Iwachiw*, 396 F.3d at 529

4

("The District Court's injunction is measured; it does not extend to filings in other federal district courts or the New York state courts.").[2]

Finally, we reject as meritless Neroni's allegation that Chief Judge Sharpe was biased against him. Chief Judge Sharpe's prior rulings in Neroni's other lawsuits, such as *Coccoma*, do not establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Nor can we infer the presence of bias from Neroni's speculative, unsupported allegations concerning his wife's criticism of Chief Judge Sharpe or the supposed relationships between Northern District judges and attorneys who practice before them. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) ("Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required.").

## CONCLUSION

We have considered all of Neroni's remaining arguments and find them to be without merit. We thus **AFFIRM** the November 26, 2014 order of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] That said, we do not foreclose the possibility that the injunction can be broadened to include additional jurisdictions, including all United States courts. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (approving filing injunction that required the enjoined party to obtain leave of court before filing an action in any federal district). We also do not foreclose the possibility that the District Court may, in the exercise of its informed discretion, amend or modify its injunction in the light of changed circumstances or a felt need to streamline or expand its requirements. *See id.* at 1262-63 (requiring vexatious litigant to attach to any complaint filed in federal or state court a copy of the Court's injunction).