◼ In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v JOSEPHINE ROSSI, Appellant. [880 NYS2d 199]—

Peters, J.P. Appeal from an order of the Supreme Court (McCarthy, J.), entered October 12, 2006 in Albany County, which, among other things, in a proceeding pursuant to Social Services Law § 473-c, denied respondent's motion to stay the proceeding.

Alleging that respondent was believed to be in need of adult protective services, petitioner sought an order to gain access to respondent's home pursuant to Social Services Law § 473-c. Supreme Court (Tomlinson, J.) granted the relief, but subsequently issued a stay of the order. When negotiations between the parties failed, Supreme Court (McCarthy, J.) reinstated the order, which petitioner executed by entering respondent's home accompanied by a police officer and representatives of other local agencies. Respondent was advised by an Albany County Department of Health representative that her home was unfit for human habitation and that she should refrain from living there until the conditions were abated. Petitioner then conducted an assessment of respondent, determined that she was in need of services as described in Social Services Law § 473 (1) (d) and offered her assistance in finding temporary shelter, which she refused. Respondent subsequently moved for, among other things, dismissal of petitioner's Social Services Law § 473-c application, a stay of the court's order and Supreme Court's recusal in the matter. Supreme Court denied all such relief, prompting this appeal.

We affirm. There is no merit to respondent's contention that the reinstated order should be vacated because she was neither given notice of the application for that order nor served with the order prior to its execution. A social services official may ap-

ply for a court order of access when there is reasonable cause to believe that a person may be in need of adult protective services and the official is refused access to that person (*see* Social Services Law § 473-c [1]). "The standard for proof and procedure for such an authorization shall be the same as for a search warrant under the criminal procedure law" (Social Services Law § 473-c [4]). Neither the Social Services Law nor the search warrant provisions of the Criminal Procedure Law require notice to, or any form of service upon, the person who is the subject of what is routinely an ex parte application (*see* Social Services Law § 473-c; CPL 690.35; *see also People v Bilsky*, 95 NY2d 172, 176 [2000]). Furthermore, the order of access need only be served upon the respondent at the time of its execution (*see* CPL 690.50). Accordingly, Supreme Court properly denied respondent's motion to vacate the underlying order on these grounds.

Nor was recusal required. Absent a legal disqualification under Judiciary Law § 14, which was not present here, "a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion" (*Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]; *see Kampfer v Rase*, 56 AD3d 926, 926 [2008], *lv denied* 11 NY3d 716 [2009]). Additionally, "[r]ecusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [1999] [citation omitted]; *see Kampfer v Rase*, 56 AD3d at 926). As respondent has made no such showing, Supreme Court's decision not to recuse was proper.

Finally, to the extent that respondent argues that Supreme Court failed to consider certain arguments contained in the reply affidavits and letters submitted in connection with her motions, we need only note that these submissions were an improper vehicle for raising new arguments to the court (*see Potter v Blue Shield of Northeastern N.Y.*, 216 AD2d 773, 775 [1995]; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]). Respondent's remaining contentions are either unpreserved or have been reviewed and found to be lacking in merit.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.