■ In the Matter of FREDERICK J. NERONI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [926 NYS2d 744]—

Per Curiam.

By confidential order dated March 31, 2011, this Court found that respondent engaged in fraudulent conduct prejudicial to the administration of justice adversely reflecting on his fitness as a lawyer and counseled a client to engage in conduct he knew to be fraudulent and contrary to a disciplinary rule, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 7-102 (a) (7) and (8) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.33 [a] [7], [8]; see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.2 [d]; 3.4 [a] [6]; 8.4 [c], [d], [h]).[1]

Respondent's misconduct was set forth in *Mokay v Mokay* (67 AD3d 1210 [2009]), wherein this Court affirmed a Supreme Court order that granted partial summary judgement against respondent, a defendant in that action, on certain causes of action alleging fraud, collusion and violation of Judiciary Law § 487.[2] Specifically, respondent devised a plan with his client that would circumvent, in part, the intended purpose of a judg-

**1.** The alleged professional misconduct occurred prior to the April 1, 2009 effective date of the Rules of Professional Conduct.

**2.** Judiciary Law § 487 states:

"An attorney or counselor who:

"1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,

"2. Wilfully delays his [or her] client's suit with a view to his [or her] own gain; or, wilfully receives any money or allowance for or on account of any money which he [or she] has not laid out, or becomes answerable for,

ment of Supreme Court that respondent had participated in constructing. Respondent then "prepared the documents he had advised would successfully accomplish the nefarious goal" (*id.* at 1213).

We have considered respondent's submission in mitigation and note his continued denial of wrongdoing. We are also mindful of respondent's disciplinary history, which includes a six-month suspension as a result of his federal conviction for filing a false tax return (*Matter of Neroni*, 186 AD2d 860 [1992]),[3] as well as a 2002 letter of admonition and a 2006 letter of caution.

We consider respondent's intentional and fraudulent conduct in circumventing a court order as very serious professional misconduct. Under the circumstances presented and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred.

Mercure, J.P., Peters, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).

(July 14, 2011)

"Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he [or she] forfeits to the party injured treble damages, to be recovered in a civil action."

**3.** Respondent was thereafter reinstated (*Matter of Neroni*, 198 AD2d 715 [1993]).