██ In the Matter of RYAN ADAMS, Petitioner, v ALECIA BRACCI, Appellant. (And Nine Other Related Proceedings.) [955 NYS2d 659]—

Stein, J. Appeals (1) from an order of the Family Court of Delaware County (Becker, J.), entered April 29, 2011, which, in 10 proceedings pursuant to Family Ct Act article 6, among other things, denied respondent's motion to vacate prior orders of custody, and (2) from an order of said court, entered July 1, 2011, which, sua sponte, imposed sanctions upon respondent and her attorney.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2004). The daughter has been the subject of a number of custody proceedings presided over by Delaware County Family Court Judge Carl F. Becker. In March 2011, the mother moved to vacate any and all orders of Judge Becker, based on her allegation that he was not qualified to serve as a judicial officer due to the lack of a certificate of election on file with the Delaware County Clerk's office. The motion also sought removal of the appointed attorney for the child on the grounds that he was not appointed by a duly authorized judicial officer and that he failed to provide effective assistance of counsel to the child. The father answered the motion and requested that Family Court sanction the mother and her attorney for filing a frivolous motion.

Family Court thereafter denied the mother's motion in its entirety and ordered both the mother and her attorney to show cause why sanctions and costs should not be imposed on them. After considering the affirmation of the mother's attorney in

opposition to the imposition of sanctions, Family Court determined that the conduct of the mother and her attorney was frivolous and, as relevant here, conditionally ordered the mother to pay sanctions in the amount of $250.[1] The mother now appeals from both the order denying her motion to vacate and the order imposing sanctions.

The mother's argument that Family Court erred in denying her motion to vacate is unpersuasive. To be sure, a prior order may be vacated based upon, among other things, lack of jurisdiction to render the order (see CPLR 5015 [a] [4]). Here, however, the mother's motion to vacate all prior custody orders issued by Judge Becker was premised on the lack of a certificate of his election being on file (see County Law § 400 [5]). Even if there was an irregularity in Judge Becker's election filings, his subsequent orders and judgments are nonetheless valid and are immune from any collateral attack (see Public Officers Law § 15; Matter of Gilmartin v Tax Appeals Trib., 31 AD3d 1008, 1010 [2006]), and his appointment of the attorney for the child is similarly protected (see People v Costa, 186 AD2d 299, 299 [1992], lv denied 81 NY2d 761 [1992]). Accordingly, Family Court's denial of the mother's motion on this ground was a sound exercise of its discretion (see Matter of Monaco v Armer, 93 AD3d 1089, 1090 [2012], lv denied 19 NY3d 807 [2012]).[2]

Contrary to the mother's contention, Judge Becker was not required to recuse himself from determining the motion to vacate. "Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a . . . judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1159 [2012], lv dismissed 19 NY3d 874 [2012] [internal quotation marks and citations omitted]; see Matter of Albany County Dept. of Social Servs. v Rossi, 62 AD3d 1049, 1050 [2009]). We discern no basis in the record to conclude that such an abuse of discretion occurred here (see Maki v Bassett Healthcare, 85 AD3d 1366, 1370 [2011], appeal dismissed 17 NY3d 855 [2011], lv dismissed and denied 18 NY3d 870 [2012]). The mother's argu-

---

1. Family Court stayed the payment of the sanctions by the mother for a period of six months and provided that such sanctions would be vacated if no further frivolous motions were filed by her within that time. Although Family Court also imposed sanctions upon the mother's attorney, they are not the subject of this appeal.

2. Additionally, inasmuch as the mother's moving papers did not set forth any specific factual allegations to support her argument that the attorney for the child failed to provide the child with the effective assistance of counsel, such argument must be rejected.

ment that Judge Becker is biased against her and her attorney is wholly unsubstantiated (*see People v Shultis*, 61 AD3d 1116, 1117 [2009], *lv denied* 12 NY3d 929 [2009]). Additionally, inasmuch as the denial of the mother's motion to vacate was based on Public Officers Law § 15, Judge Becker's statements regarding his election were irrelevant and did not make him an unsworn witness in this proceeding (*see Oakes v Muka*, 56 AD3d 1057, 1059 [2008]).

While the mother's appeal from the July 1, 2011 order has arguably been rendered moot[3] (*see Matter of Freeman v State Univ. of N.Y. at Potsdam*, 83 AD3d 1243, 1243 [2011]), it lacks merit in any event. Contrary to the mother's contentions, Family Court's imposition of sanctions satisfied the procedural requirements of 22 NYCRR 130-1.2 and properly identified her sanctionable conduct as "fil[ing] a motion to disqualify the court on grounds that [were] completely without basis in law and [could not] be supported by a reasonable argument for an extension, modification or reversal of existing law" (*see* 22 NYCRR 130-1.1). In addition, Family Court previously noted the "unremitting and vexacious course of litigation and conduct against [the father]." Under these circumstances, we conclude that Family Court's decision to conditionally sanction the mother was a proper exercise of its discretion (*see Yankee Lake Preserv. Assn., Inc. v Stein*, 68 AD3d 1603, 1605 [2009], *lv denied* 15 NY3d 706 [2010]).

The mother's remaining contentions have been examined and are either academic or without merit.

Mercure, J.P., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** It has come to our attention that, pursuant to an order dated September 20, 2012, the sanctions previously imposed on the mother were vacated because no further frivolous motions were filed within the relevant six-month period.