*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                517444
_____

ANDREW MOKAY et al.,
                    Respondents,

     v

CONNIE MOKAY,                          MEMORANDUM AND ORDER
                    Defendant,
        and

FREDERICK J. NERONI,
                    Appellant.
_____


Calendar Date:   November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


     Neroni Law Office, Delhi (Tatiana Neroni of counsel), for
appellant.

     Harlem & Jervis, Oneonta (Richard A. Harlem of counsel),
for respondents.

                        _____


Egan Jr., J.

     Appeal from an order of the Supreme Court (Dowd, J.),
entered June 17, 2013 in Delaware County, which, among other
things, denied defendant Frederick J. Neroni's motion for
recusal.

     The relevant facts are more fully set forth in this Court's
prior decisions in this matter (111 AD3d 1175 [2013]; 67 AD3d
1210 [2009]).  Briefly, defendant Frederick J. Neroni
(hereinafter defendant), a former attorney (see Matter of Neroni,
86 AD3d 710 [2011], appeal dismissed and lv denied 17 NY3d 851

[2011]), represented Andrew Mokay Sr. (hereinafter decedent) in a divorce action. In the context of that action, decedent entered into an open-court stipulation in March 2006, wherein he agreed that, upon his death, he would devise two particular parcels of real property to his five children, plaintiffs Andrew Mokay, Daniel Mokay, David Mokay, Patricia Knapp and Christine Reed (hereinafter collectively referred to as plaintiffs). This stipulation was incorporated, but not merged, into the April 2006 judgment of divorce.

Shortly thereafter, decedent and his close friend, defendant Connie Mokay (hereinafter Mokay), consulted with defendant as to whether the foregoing conveyances could be circumvented. The trio concocted a plan whereby decedent and Mokay would marry, and defendant would prepare deeds transferring the subject parcels to decedent and Mokay as husband and wife. Following decedent and Mokay's marriage, defendant prepared and recorded the relevant deeds in the Delaware County Clerk's office in July 2006. Upon defendant's instruction, the deeds were marked "Do Not Publish" to prevent notice of the transactions from appearing in the local newspaper. Decedent died five months later, and title to the parcels passed to Mokay by operation of law.

When Mokay refused to convey the parcels, plaintiffs commenced this action against Mokay and defendant alleging, insofar as is relevant here, that defendant engaged in fraud and collusion and, further, violated Judiciary Law § 487. After decedent's estate was added as a party, various motions ensued and, ultimately, Supreme Court (Fitzgerald, J.), among other things, granted plaintiffs summary judgment against defendant as to the foregoing causes of action. Additional motions and appeals ensued and, in July 2012, defendant served a subpoena duces tecum upon plaintiffs and their counsel, which plaintiffs moved to quash, and sought to depose plaintiffs' expert witness. Thereafter, in March 2013, defendant sought, among other things, the recusal of Justice Dowd, to whom this matter had been assigned, and a declaration that Judiciary Law § 487 was unconstitutional. Supreme Court (Dowd, J.) partially granted plaintiffs' motions to quash the subpoenas and denied the affirmative relief sought by defendant. Defendant now appeals.

None of the arguments advanced by defendant warrant extended discussion. As for the recusal/disqualification motion, "[a]bsent a legal disqualification under Judiciary Law § 14, which is not at issue here, a . . . judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1159 [2012], lv dismissed 19 NY3d 874 [2012] [internal quotation marks and citations omitted]; accord Matter of Adams v Bracci, 100 AD3d 1214, 1215 [2012]). Supreme Court explained – in detail – why it felt that recusal was not warranted in this action, and we discern no abuse of Supreme Court's considerable discretion in that regard. Contrary to defendant's assertion, "the fact that a judge issues a ruling that is not to a party's liking does not demonstrate either bias or misconduct" (Gonzalez v L'Oreal USA, Inc., 92 AD3d at 1160).[1] Finally, we find no impropriety in the manner in which this matter was assigned to Supreme Court in the first instance (see 22 NYCRR 202.3 [c] [5]).

Nor are we persuaded that Supreme Court erred in partially granting plaintiffs' motion to quash certain subpoenas duces tecum – specifically, those subpoenas seeking plaintiffs' individual tax returns since 2006, together with any applications for public assistance made since that time. "Generally, the standard to be applied on a motion to quash a subpoena duces tecum is whether the requested information is utterly irrelevant to any proper inquiry" (Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 201 [2013] [internal quotation marks and citation omitted]; see Matter of Hogan v Cuomo, 67 AD3d 1144, 1145 [2009]). Upon reviewing the record, we are satisfied that plaintiffs met their burden of demonstrating that the requested documents were utterly irrelevant as to the issue of the damages they allegedly sustained as a result of defendant's conduct. In opposition, defendant did nothing more than assure Supreme Court that the relevancy of such documents would become apparent at trial. Under these circumstances, Supreme Court properly granted

[1] Defendant has a documented history of seeking the disqualification of jurists who have rendered unfavorable decisions in this matter (see 111 AD3d at 1178; 67 AD3d at 1213).

plaintiffs' motion in this regard.[2]

As for defendant's challenge to the constitutionality of Judiciary Law § 487, suffice it to say that we find defendant's strained interpretation of the Court of Appeals' decision in Amalfitano v Rosenberg (12 NY3d 8 [2009]) relative to the civil penalties imposed under the statute to be unpersuasive. Judiciary Law § 487 provides, in relevant part, that "[a]n attorney or counselor who . . . [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he [or she] forfeits to the party injured treble damages, to be recovered in a civil action." Despite defendant's insistence to the contrary, the Court of Appeals has made clear that "[t]he operative language at issue — guilty of any deceit — focuses on the attorney's intent to deceive, not the deceit's success" (Amalfitano v Rosenberg, 12 NY3d at 14 [internal quotation marks omitted]). Accordingly, Supreme Court's order is in all respects affirmed.

McCarthy, J.P., Devine and Clark, JJ., concur.

_____

[2]  Although defendant also challenges Supreme Court's denial of his motion to depose plaintiffs' expert, defendant failed to include the underlying motion papers in the record on appeal. Accordingly, meaningful appellate review of this issue essentially is impossible, and we do not address this issue (see Matter of St. James Nursing Home v Axelrod, 135 AD2d 26, 30 [1988]; cf. Rubio-Modica v Modica, 100 AD3d 979, 979 [2012]).

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court