■ In the Matter of MILDRED THERESA OTERI, Deceased. STEVEN M. OTERI, Appellant; DONNA FERGUSON, Respondent. [26 NYS3d 772]—

In a probate proceeding in which a stipulation of settlement of the final accounting of the decedent's estate was entered in open court, Steven M. Oteri appeals (1), as limited by his brief, from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated January 10, 2014, as denied Diane Oteri-Harkins's motion, which was joined by him, in effect, for recusal of the Surrogate, (2) as limited by his brief, from so much of an order of the same court, also dated January 10, 2014, as denied his motion, in effect, for leave to renew that branch of his prior motion which was for recusal of the Surrogate, which had been denied in an order of the same court dated January 31, 2013, and (3) from a decree of the same court, also dated January 10, 2014, which, upon the stipulation of settlement and upon so much of the order dated January 31, 2013 as denied that branch of his motion which was to vacate the stipulation of settlement, judicially settled the decedent's account.

Ordered that the appeals from the orders dated January 10, 2014 are dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner Donna Ferguson.

The appeals from the orders dated January 10, 2014 must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the decree.

" 'Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience' " (*Galanti v Kraus*, 98 AD3d 559, 559 [2012], quoting *Matter of O'Donnell v Goldenberg*, 68 AD3d 1000, 1000 [2009]). Here, the Surrogate's

Court providently exercised its discretion in denying Diane Oteri-Harkins's motion, which was joined by the appellant, in effect, for recusal of the Surrogate, as her motion failed to set forth any proof of bias or prejudice on the part of the Surrogate that would warrant recusal (*see Burke v Carrion*, 101 AD3d 920, 921 [2012]; *Galanti v Kraus*, 98 AD3d at 559; *Hayden v Gordon*, 91 AD3d 819, 822 [2012]). Additionally, the court providently exercised its discretion in denying the appellant's motion, in effect, for leave to renew that branch of his prior motion which was for recusal of the Surrogate, as the appellant failed to present "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]).

The Surrogate's Court also properly denied that branch of the appellant's motion which was to vacate the stipulation of settlement, as the appellant failed to establish the existence of grounds to vacate the stipulation of settlement (*see* CPLR 5015 [a]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Alderman v Alderman*, 78 AD3d 621 [2010]). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.