McAuliffe v McAuliffe (2022 NY Slip Op 05897)

McAuliffe v McAuliffe

2022 NY Slip Op 05897

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

532019
[*1]Daniel E. McAuliffe, Respondent,
v
Maria D. McAuliffe, Appellant.

Calendar Date:September 13, 2022

Before:Garry, P.J., Egan Jr., Fisher and McShan, JJ.

Maria D. McAuliffe, Clifton Park, appellant pro se.
Daniel E. McAuliffe, Menands, respondent pro se.

McShan, J.
Appeal from an order of the Supreme Court (Guy P. Tomlinson, J.), entered August 25, 2020 in Saratoga County, which denied defendant's motion for recusal.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were divorced in 2006 and have three children who are now adults. The history of their long-running and acrimonious dispute is more thoroughly discussed in our most recent December 2021 decision (200 AD3d 1114 [2021]). Pertinent to this appeal, the extensive litigation between the parties has been overseen by numerous judges in both Supreme Court and Family Court. Since 2016, Justice Guy P. Tomlinson has overseen this action in Supreme Court following the voluntary recusal of Justice Joseph Sise. While the appeal underlying our December 2021 decision was pending, the wife moved for Justice Tomlinson to recuse himself due to a myriad of perceived biases based on her belief that Justice Tomlinson had disregarded this Court's February 2010 decision (70 AD3d 1129 [2010]). Following oral argument, Justice Tomlinson denied the motion, stating that he was unaware of any grounds for mandatory disqualification and that there was no objective evidence to support the wife's claims that he was biased against her. The wife appeals.[FN1]
We affirm. "Unless disqualification is required under Judiciary Law § 14, a judge's decision on a recusal motion is one of discretion, and when recusal is sought based upon impropriety as distinguished from legal disqualification, the judge is the sole arbiter" (People v Herron, 199 AD3d 1476, 1476 [4th Dept 2021] [internal quotation marks, brackets, ellipsis and citations omitted]; see Center for Jud. Accountability, Inc. v Cuomo, 167 AD3d 1406, 1408 [3d Dept 2018], appeal dismissed 33 NY3d 993 [2019], lv denied 34 NY3d 961 [2019]; Matter of Albany County Dept. of Social Servs. v Rossi, 62 AD3d 1049, 1050 [3d Dept 2009]). The wife concedes that this matter does not concern mandatory recusal pursuant to Judiciary Law § 14 and the record contains no indication that Justice Tomlinson had any interest in the litigation that would bear on his ability to remain impartial (see Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1160-1161 [3d Dept 2021]; Matter of Khan v Dolly, 39 AD3d 649, 650-651 [2d Dept 2007]). Rather, the wife's primary contentions are premised on her dissatisfaction with the court's rulings, which, contrary to her assertion, do not present appropriate grounds for recusal (see Mokay v Mokay, 124 AD3d 1097, 1099 [3d Dept 2015]; Gonzalez v L'Oreal USA, Inc., 92 AD3d 1158, 1160 [3d Dept 2012], lv dismissed 19 NY3d 874 [2012]; Oakes v Muka, 56 AD3d 1057, 1059 [3d Dept 2008]). Moreover, the record does not support the wife's contention that Justice Tomlinson's orders were the result of bias rather than the merits of the case (see Affinity Elmwood Gateway Props. LLC v AJC Props. LLC, 113 AD3d 1094, 1096 [4th Dept 2014]; Matter of McLaughlin v McLaughlin, 104 AD3d 1315, 1316 [4th Dept 2013]; Schwartzberg [*2]v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2d Dept 2006]; Robert Marini Bldr. v Rao, 263 AD2d 846, 848 [3d Dept 1999]; see also Matter of Compasso v Sheriff of Sullivan County, 29 AD3d 1064, 1065 [3d Dept 2006]). Accordingly, we discern no abuse of Supreme Court's discretion in its determination that recusal was not warranted (see Matter of Adams v Bracci, 100 AD3d 1214, 1215-1216 [3d Dept 2012]; Kampfer v Rase, 56 AD3d 926, 926-927 [3d Dept 2008], lv denied 11 NY3d 716 [2009]).
The wife's remaining contentions have been examined and are without merit.
Garry, P.J., Egan Jr. and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: To the extent we have not already done so (2021 NY Slip Op 69661[U] [2021]), we decline the husband's invitation to strike the wife's brief and record on appeal for similar reasons to those we have previously identified on the husband's prior motions seeking such relief (see 200 AD3d at 1115 n 2).