J.N. v T.N. (2024 NY Slip Op 51355(U))

[*1]

J.N. v T.N.

2024 NY Slip Op 51355(U)

Decided on September 23, 2024

Supreme Court, New York County

Waterman-Marshall, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 23, 2024
Supreme Court, New York County

J.N., Plaintiff,

against
T.N., Defendant.

Index No. xxxxxx/2018

The Plaintiff-Wife is represented by Teitler & Teitler, LLP, Jaime Weiss, Esq. [jlweiss&commat;teitler.com] and Nicholas Lobenthal, Esq. [nwlobenthal&commat;teitler.com], 230 Park Avenue, Suite 2200, New York, New York 10169, (212) 930-3607.
The Defendant-Husband, appeared both as a self-represented party, and has a retained attorney, Sipsas PC, Ioannis P. Sipsas, Esq. [john&commat;sipsaslaw.com], 3116 30th Avenue, Suite 201, Astoria, New York 11102, (718) 777-0909.

Kathleen Waterman-Marshall, J.

The following e-filed documents, listed by NYSCEF document number (Motion 034) 967, 968, 969, 970, 971, 972, 973, 974, 975, 984, 987, 988, 992, 1020, 1021, 1038, 1039, 1040, 1056 were read on this motion to/for ORDER OF PROTECTION.
The following e-filed documents, listed by NYSCEF document number (Motion 037) 993, 994, 995, 1004, 1041, 1042, 1043, 1044, 1045, 1046, 1047, 1048, 1049, 1050, 1051, 1052, 1053, 1057 were read on this motion to/for TRIAL DE NOVO.
The following e-filed documents, listed by NYSCEF document number (Motion 039) 1001, 1002, 1003, 1011, 1054, 1055, 1058 were read on this motion to/for VACATE - DECISION/ORDER/JUDGMENT/AWARD.
Upon the foregoing documents, the motion by plaintiff J.N. ("Wife") for a Temporary Order of Protection and enforcement of that part of the August 23, 2022 Decision and Order as enjoined and restrained defendant T.N. ("Husband") "from discussing the children in connection with this divorce action" with third-parties including but not limited to reporters (Motion Seq. [*2]34), is denied, without prejudice, solely on procedural grounds. This is a post-judgment divorce action, all proper post-judgment motions brought under the matrimonial index number have been resolved, and the relief sought does not arise out of any part of the Divorce Judgment, entered on January 9, 2023 ("the Judgment"). Wife may commence a Family Offense proceeding in New York County Family Court, and/or a plenary action, for the relief requested in the motion.
Upon the same record, Husband's cross-motion for a stay of the proceedings (Motion Seq. 34), is denied for his default in appearing in support of the cross-motion, on the merits, and as moot. Husband's separate motions to declare various prior motions "a nullity" and assign them to a different judge for decision (Motion Seq. 37); and to report the Court's Law Clerks to the Attorney Grievance Committee, the Part Clerk to the appropriate disciplinary committee and to disqualify this Court (Motion Seq. 39), are also denied for his default in appearing in support of the motions, on the merits, and as moot.
Background
The Court presumes the reader's familiarity with the facts and circumstances of this post-judgment divorce case. A brief recitation of the pertinent proceedings relative to these motions as contained in the record, follows.
Underlying Divorce Action
This Court assumed this case in January of 2022, when first assigned to Part 9. All custody issues had been resolved after a custody trial conducted by the prior jurist, in an October 7, 2020 Decision and a March 4, 2021 Order on such Decision. The only open issues and open motions in January 2022 related to financial matters, including discovery on financial matters (i.e., motions to preclude, to vacate note of issue, to quash subpoenas, etc.) (Motion Seqs. 8, 9, 13, 14, 15, 17; collectively "the Subject Financial Motions") and motions related to Husband's public dissemination of information about the children in this litigation (Motion Seq. 11) and violation of the parties' March 2019 Confidentiality Order (Motion Seq. 10).
In October of 2021, Wife moved, inter alia, to enjoin Husband from communicating about the children in connection with this divorce action via news media, social media, or any other forum, and to the parents at the children's school. She also separately moved to enjoin Husband from further deliberately disclosing her confidential employment records covered by the parties' March 2019 Confidentiality Order. By Decision and Order dated August 23, 2022 ("the August 2022 Order"), the Court granted Wife's motions to the extent that it granted her a preliminary injunction, restraining and enjoining Husband: (1) "from discussing the children in connection with this divorce action with third-parties, including but not limited to reporters and the parents of the children's schoolmates"; and (2) from disclosing Wife's confidential employment documents in violation of the March 2019 Confidentiality Order.
This Court tried the financial issues in March and April 2022. In its Decision and Order After Financial Trial, dated September 15, 2022 (JN v TN, 77 Misc 3d 894 [Sup Ct, NY County 2022]; "the Financial Order"), the Court, inter alia, resolved all of the financial issues and continued its direction that the parties comply with the March 2019 Confidentiality Order. It did not specifically continue the restraint on Husband's discussions about the children in this litigation with third parties. Similarly, the Judgment ordered the parties to comply with the "express terms" of the March 15, 2019 Confidentiality Order but is silent on the injunction [*3]against Husband's public discussion of the children in this litigation.
Husband failed to perfect his appeal from the August 2022 Order, and each of the Orders resolving the Subject Financial Motions. Moreover, each of those Orders were subsumed in Husband's appeal from the Judgment, which the Appellate Division dismissed on June 8, 2023 (NYSCEF Docs. 1044, 1045). 
Post-Judgment Motions
This case returned to the Court by way of post-judgment motions in late October 2023. Wife moved for emergency relief to temporarily suspend Husband's unsupervised parenting time, direct supervised visitation and modify custody ("the modification motion"). She alleged troubling issues with the children — most importantly, the parties' oldest child statement that he was and "30%" on the way to committing suicide — caused by Husband's abject refusal to speak to Wife and co-parent with her.
The modification motion came on for an initial appearance on November 6, 2023, at which both parties appeared with counsel and submitted papers. Husband had two attorneys representing him, Ionas Sipsas, Esq. and John Balestriere, Esq. Having heard and considered the parties' arguments and submissions, the Court issued interim orders appointing a forensic psychologist and a new Attorney for the Child, and directing the parties to speak through a neutral intermediary. Husband appealed the interim orders, but did not obtain a stay thereof. He also did not comply with the interim orders, which were issued to obtain critical information about the children's well-being to determine whether there should be continued supervised parenting time and a modification of the custody arrangement. 
On November 16, 2023, notwithstanding his appearance ten days prior with two attorneys — one of which, Mr. Sipsas, has not been relieved as counsel to date — Husband moved as a self-proclaimed self-represented litigant, for an award of $100,000 in attorney's fees. Wife opposed the motion and cross-moved for civil and criminal contempt.
The details of what happened next are set forth in detail in the Court's Orders on these post-judgment motions (see also JN v TN, 83 Misc 3d 1262[A] [Sup Ct, NY County 2024]). Briefly, the Court denied Husband's motion for attorney's fees by Order dated December 27, 2023 (NYSCEF Doc. 898). As shown in the transcript of the December 20, 2023 motion argument and decision, the Court advised Husband of his right to have an attorney of his own choosing represent him and noted that Mr. Sipsas was still listed as his attorney in NYSCEF. In fact, Mr. Sipsas represented Husband on, inter alia, Wife's October 2021 motions for a preliminary injunction based upon the very conduct alleged in her contempt cross-motion.[FN1]

The Court set a briefing schedule and return date on Wife's contempt cross-motion. Husband failed to oppose the motion and appear on the return date. The Court then issued a series of Orders: finding Husband in civil contempt, scheduling a hearing on criminal contempt, and appointing Husband an 18B attorney to represent him (February 5, 2024 Interim Order; NYSCEF Doc. 915); granting Wife's modification motion (March 29, 2024 Order; NYSCEF [*4]Doc. 931); relieving Jonathan Nelson, Esq. as Husband's 18B attorney (May 14, 2024 Order; NYSCEF Doc. 957); and setting the criminal contempt hearing for July 18, 2024 at which an 18B attorney would be available to represent Husband (July 8, 2024 Order; NYSCEF Doc. 961). Husband only took an appeal from the July 8, 2024 Order.
The Court conducted the criminal contempt hearing on July 18, 2024. The Court provided him notice of the date and time of the hearing, an opportunity to appear with an attorney of his own choosing and present a defense, together with the requisite Parker warnings that if he failed to appear, his absence would not prevent the hearing from going forward or the imposition of sanctions if criminal contempt were found (see NYSCEF Doc. 961). The Court also had an 18B attorney present in Court in the event Husband appeared. Husband, however, failed to appear at the criminal contempt hearing.
On August 7, 2024, the Court issued its Decision and Order based upon the testimony and evidence proffered at the criminal contempt hearing (JN v TN, 83 Misc 3d 1262[A]; "the Criminal Contempt Order"). The Court found Husband in criminal contempt of various Court Orders and sentenced him to five months imprisonment. The Court also issued on that day an Order of Commitment and Warrant for Husband's Arrest (NYSCEF Doc. 1010; "the Warrant"). Husband appealed the Criminal Contempt Order and Warrant. However, no stay has been issued and the Warrant remains open.
Also on July 18, 2024, following the criminal contempt hearing, the Court heard Wife's request for interim relief on her proposed Order to Show Cause for a Temporary Restraining Order, based upon Husband's (1) recent publication and dissemination on his Youtube channel of videos of her, the children, and the children's caregivers, taken prior to the divorce, with comments that the Wife is a child abuser and alluding that the caregivers are antisemites, and a recording of a call made by Wife to NYPD; (2) recent communications with Wife's prior employer, and others, containing false allegations about her purported child abuse of the children; and (3) recent inappropriate communications with the parties' children. She argued, inter alia, that Husband had already been restrained from discussing the children in connection with the litigation in the August 2022 Order. The Court granted, as modified, the request for a Temporary Order of Protection, explaining that "this is a temporary restraint until such time as the motion is fully briefed and [h]e can be heard further or Husband can be heard further" (July 18, 2024 Transcript; NYSCEF Doc. 1059).
Husband opposed the motion for a Temporary Order of Protection, appealed the Temporary Order of Protection, and cross-moved for an order staying this proceeding. He asserted that a stay is warranted because he has purportedly been deprived of his right to counsel, and the prior jurist already denied Wife's request to "restrain" his speech. He also separately moved to declare various prior motions "a nullity" and assign them to a different judge for decision (Motion Seq. 37); and to report the Court's Law Clerks to the Attorney Grievance Committee, the Part Clerk to the appropriate disciplinary committee and to disqualify this Court (Motion Seq. 39).
Husband's Conduct
Husband was afforded due process throughout the entirety of this mater and his rights were protected and not violated; the record unequivocally this bears out. Moreover, the Court presided over this matter in a patient, fair, and dignified manner, notwithstanding Husband's belligerence and disdain for the proceedings.
Indeed, Husband is a bad actor.[FN2]
His conduct on the post-judgment motions (as well as in the underlying divorce action) has been consistently disrespectful and increasingly disturbed. He has abjectly refused to appear in-person before the Court on motions and conferences since December 20, 2023, despite Court Order to do so. There have been seven appearances, all of which have been in-person and all of which Husband had notice: January 24; February 15; February 29; May 6; July 8; July 18; and September 19. Husband boldly stated his intention not to appear in court in-person and to record all future appearances, in direct violation of Court Order and 22 NYCRR Parts 29, 131 (May 3, 2024 Letter; NYSCEF Doc. 950).
Since October 2023, Husband has sent 18 letters and countless emails in which he manufactures or mistates facts, demands that the Court provide answers to his questions, insists that the Court take certain actions, asserts meritless accusations, and lodges veiled and failed threats at the Court, her husband, and her staff (see e.g. NYSCEF Docs. 845, 859, 901, 914, 926, 934, 965, 996, 997, 1016). He has trolled the Court on the internet (NYSCEF Doc. 799, 940). He has filed ten motions since November 2023, all of which are frivolous and without merit, and in which he purports to manage the Court's calendar by waiving oral argument and making the motion returnable in the Court's virtual part.
Husband's actions are without any legitimate basis and meant for no other purpose than to avoid the dispositive consequences of his own contemptuous conduct that has resulted in harm to his children and ex-wife, a finding of criminal contempt against him, and an open Warrant for his arrest and imprisonment. It is notable that Husband has not dedicated any of his efforts toward seeing his children. He has not visited with his children since October 2023 even though there is no order prohibiting him from doing so.
Wife's Motion For An Order of Protection Is Denied, Without
Prejudice, Solely on Procedural Grounds
A motion after final judgment in a divorce action to modify custody provisions contained in a divorce judgment is considered a motion in the action (see Giasemis v Giasemis, 139 AD3d 794 [2d Dept 2016] [parties' post-judgment motions to modify custody brought in Supreme Court under divorce action index number properly consolidated with father's modification petition in Family Court]; see also VB v RBD, 83 Misc 3d 1272[A] [Sup Ct, NY County 2024]; see also Gunsburg v Gunsburg, 173 AD2d 232 [1st Dept 1991] [proceedings by motion under DRL § 244 to enforce provisions of divorce judgment "are treated as the continuation of the underlying divorce proceeding"]). The Judgment states that the Supreme Court retains jurisdiction to hear applications to enforce or modify, inter alia, custody and visitation, provided that the Family Court has concurrent jurisdiction over those matters.
In this regard, Wife properly sought to modify parenting time and custody by way of her post-judgment motion, filed under the matrimonial index number in October 2023 and initially heard on November 6, 2023. In addition, the modification motion properly gave rise to Husband's motion for attorney's fees and Wife's cross-motion for contempt based upon Husband's failure to comply with the Orders issued on the modification motion and his violation [*5]of that part of the Judgment that required him to comply with the March 2019 Confidentiality Order.
All of the post-judgment motions are now fully resolved. The Court decided the modification motion by the March 29, 2024 Order, the attorney's fees motion by the December 27, 2023 Order, and the contempt cross-motion by the February 5, 2024 Interim Order and the August 7, 2024 Order. There are no other post-judgment motions properly pending before the Court under the matrimonial index number.
Wife's instant request for a Temporary Order of Protection based upon Husband's recent defamatory and damaging conduct — posting videos and an audio recording of the children and Wife on his Youtube channel, in which he claims Wife is abusing the children and alludes that their nannies are antisemites; communicating false statements to Wife's prior employer, and others; and sending inappropriate and hurtful texts to the children — are not matters that arise out of the Judgment. This specific conduct is not specifically addressed or prohibited by that part of the August 2022 Order that restrained Husband from communicating about the children in the divorce action. Even if it was prohibited, that part of the August 2022 Order was not continued in the Judgment and therefore not a proper basis for a post-judgment motion under the matrimonial index number.
Therefore, Wife's allegations set forth in her affidavit — while sufficient to state a family offense and support the Temporary Order of Protection issued on July 18, 2024 — are more properly asserted in a Family Offense Petition brought in the Family Court, upon which she may seek an appropriate restraint on Husband's alleged offensive conduct. She may also seek, by way of a plenary action in Supreme Court, any other claims she may against Husband based upon his false statements about her and his attempt to defame her character with her former employer and others. These matters are separate and apart from the content of the Judgment and require separate proceedings.
Accordingly, Wife's motion for a Temporary Order of Protection is denied, without prejudice, solely on procedural grounds. The Temporary Order of Protection issued on July 18, 2024 is vacated. Wife may seek in the Family Court, or in a plenary action, the relief she seeks herein.
Husband's Cross-Motion and Motions Are Denied
The Motions are Denied for Husband's Default
Each of Husband's motions are denied for his default in appearing in-person on the return dates, as directed. The Court made Husband's cross-motion (Motion Seq. 34), and his separate motions to vacate all Orders issued by this Court (Motion Seq. 37) and disqualify it (Motion Seq. 39), returnable in-person in Room 355 on October 16, 2024. The Court also directed Husband to show cause on the return date why he should not be sanctioned for frivolous conduct under 22 NYCRR 130.1-1.
Although initially returnable on October 16, 2024, the Court advanced the motion return dates to September 19, 2024 (NYSCEF Doc. 1036), with ample time for Husband to submit reply papers, which he in fact submitted before the return date. The Court was well within its authority to advance the motion date in accordance with its exclusive power to manage its own motion calendar (see 22 NYCRR 202.8 [d], 202.8-f, 202.22). In addition, considering all relevant [*6]factors, the Court was not required to grant Husband's request for an adjournment of the motions (see Paulino v Camacho, 36 AD3d 821, 822 [2d Dept 2007] ["The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court. In making such a determination, the court must undertake a balanced consideration of all relevant factors" (internal citations omitted)]). For the past nine months, Husband has consistently flagrantly refused to abide by the Court's direction that he appear in-person on the post-judgment proceedings, including on the return dates of his own motions. The Court was not required to adjourn his recent motions simply to give him another opportunity to fail to appear in-person. Moreover, he is not prejudiced by the denial of an adjournment because he had ample time to submit papers and did so.
Consequently, Husband's cross-motion, and two pending motions, are denied for his failure to appear in support thereof on the return date as directed (see generally Agosto v Western Beef Retail, Inc., 175 AD3d 1192 [1st Dept 2019] [action properly dismissed where party failed to appear for rescheduled conference]). The motions are also denied on their merits, as follows.
A Stay is Not Warranted
Husband cites no statute or decisional law, or any facts warranting a stay of these proceedings. Presuming that he moves for a stay under CPLR 2201, Husband has not demonstrated that this is a "proper case" for a stay or that any good cause warrants one (Matter of Kopf, 169 AD2d 428, 429 [1st Dept 1991] [motion for stay "directed to the sound discretion of the trial court" properly denied]). His two arguments in support of a stay are without merit.
First, Husband was not denied his right to counsel at any point in these proceedings. He appeared on November 6, 2023 with two attorneys, one of whom he paid over $40,000, and the other remains listed in NYSCEF as his attorney of record. On December 20, 2023, the Court advised him of his right to have an attorney of his choosing represent him and that he should speak to his attorney of record to confirm his representation. Nevertheless, on his self-proclaimed self-represented status and even though he did not establish indigence, the Court appointed him two separate attorneys to represent him on the contempt issues. Husband chose not to cooperate with his Court appointed counsel — indeed, he violently rejected one of them (see JN v TN, 83 Misc 3d 1262[A]) — or appear with his attorney of record, or hire another attorney to represent him herein. Even if he did not want to personally appear, he could have sent an attorney to make the appearance on his behalf. Instead, he voluntarily absented himself from the in-person proceedings and asserted a meritless deprivation of counsel claim.
Second, Husband's right of free speech has not been violated. The Court did not grant Wife's request for a Temporary Order of Protection in the broad language she proposed and instead modified it by tailoring it to accomplish the exact needs of the case: protection of the children while not intruding on Husband's rights (see Kassenoff v Kassenoff, 213 AD3d 822, 824 [2d Dept 2023] [restriction on parties' statements on social media about the children were "narrowly tailored to the exact needs of the case"]; see also MDS v EW, 83 Misc 3d 1249[A] [Sup Ct, NY County 2024] [court directed mother to take down website, blog, social media "the children could reasonably access" containing disparaging remarks about father and his family]). Wife demonstrated that Husband posted videos and audios of her and the children on his Youtube channel, with comments alleging that Wife is a child abuser and alluding that the children's nannies are antisemites, which the children were able to access. In this regard, the [*7]Temporary Order of Protection issued on July 18, 2024 was narrowly tailored to prohibit Husband's harmful conduct and, thus, proper (Kassenoff v Kassenoff, 213 AD3d 822; MDS v EW, 83 Misc 3d 1249[A]). 
Accordingly, Husband's motion for a stay of these post-judgment proceedings (Motion Seq. 34), is without merit and denied.
The motion is also denied as moot, as these post-judgment proceedings are now completed, the Temporary Order of Protection is vacated, the case is again disposed, and no stay lies on a disposed case. If Husband is aggrieved by any of the Orders issued on the post-judgment motions, he may appeal them.
Judiciary Law § 21 Does Not Apply
Judiciary Law § 21 provides that, except on appeal, a judge "shall not decide or take part in the decision of a question which was argued orally in the court, when he was not present and sitting therein as a judge." As explained by Justice Sunshine in Gary G. v Elena A.G., 72 Misc 3d 1201(A) (Sup Ct, Kings County 2021), the rule "does not preclude a successor Judge from determining a motion argued before another Judge so long as purely legal questions are involved."
As noted above, when the Court assumed this case in January 2022, the Subject Financial Motions and those addressed to Husband's conduct (Motion Sequences 8, 9, 10, 11, 13, 14, 15, 17, and 18) had already been filed and submitted to the prior jurist, Justice Sattler, without oral argument. This Court read the papers and determined the motions on the purely legal questions that were presented therein. Thus, there is no basis for de novo review of those motions (Gary G v Elena AG, 72 Misc 3d 1201[A]).
Even assuming, arguendo, that Judiciary Law § 21 applied and provided a proper basis to challenge the subject Orders, that argument should have been raised on a timely appeal from those very Orders. Husband, however, failed to perfect his appeals from the Orders. Moreover, the Appellate Division, First Department dismissed his appeal from the Judgment, in which the August 2022 Order and the Orders on the Subject Financial Motions were subsumed. Thus, Husband is barred by the doctrine of the law of the case from relitigating, two years later on purported stay and recusal motions, the very issues that were resolved in these Orders (see Gentile v Gentile, 172 AD3d 688, 690 [2d Dept 2019] ["The defendant is precluded from relitigating those issues where she had a full and fair opportunity to address them"]). 
Consequently, Husband's motion to declare various prior motions "a nullity" and assign them to a different judge for decision (Motion Seq. 37), is without merit, moot, and denied.
Disqualification is Not Warranted
Husband's claim of alleged misconduct by the Court and its staff is unsubstantiated and largely unworthy of response. However, the Court will address his contentions to fully dispose of them. 
Judiciary Law § 14 provides that a judge may not preside over a proceeding to which she is a party, an attorney, is interested or is related to a party. Absent automatic disqualification for the foregoing reasons, recusal is discretionary under the statute; the judge is the sole arbiter of [*8]the need for recusal and her decision is a matter of personal conscience (People v Moreno, 70 NY2d 403 [1987]; Mercedes EH v Dexter RN, 197 AD3d 1038 [1st Dept 2021]; Bianco v Bruce-Ross, 151 AD3d 716 [2d Dept 2017]).
The mere allegation of bias is insufficient to warrant recusal (Matter of Buck, 225 AD3d 1185 [4th Dept 2024] ["a party's unsubstantiated allegations of bias are insufficient to require recusal"]; McAuliffe v McAuliffe, 209 AD3d 1119 [3d Dept 2022] [recusal not warranted as "there was no objective evidence to support the wife's claims that [the judge] was biased against her"; record did not establish court orders "were the result of bias rather than the merits of the case"]; Levine v N. Shore Long Island Jewish Healthcare Sys., Inc., 163 AD3d 644 [2d Dept 2018] [motion to recuse denied as "plaintiff failed to set forth any proof of bias or prejudice on the part of [the judge]"]; In re Oteri, 137 AD3d 917 [2d Dept 2016] [same]). Recusal is also not warranted where the court demonstrates annoyance at disrespectful conduct and unsubstantiated claims of bias (Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C., 158 AD3d 502 [1st Dept 2018] ["The court was at times annoyed by plaintiffs' counsel's disrespectful attitude and by the grounds raised in the recusal motion, which plaintiffs never proved or adequately investigated. However, the record does not demonstrate that the court was so vexed that it could not be impartial"]; Matter of Indigo S., 213 AD3d 1205, 1206 [4th Dept 2023] ["While the court's 'intemperate remarks reflected a lack of patience [with petitioner] that is not appropriate in this delicate [and serious] matter' involving the well-being of the subject children, we perceive no abuse of discretion by the court in denying petitioner's recusal motion" (internal citations omitted)]). Moreover, a party's "dissatisfaction with the court's rulings . . . do not present appropriate grounds for recusal" (McAuliffe v McAuliffe, 209 AD3d at 1121; Mokay v Mokay, 124 AD3d 1097 [3d Dept 2015]).
In fact, a judge is obligated not to recuse herself unless she is satisfied that she is unable to serve with complete impartiality, in fact or appearance (Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C., 158 AD3d at 502; Wilson v Brown, 162 AD3d 1054 [2d Dept 2018]; Silber v Silber, 84 AD3d 931 [2d Dept 2011]).
The Court has carefully reviewed Husband's allegations and all proceedings before me to date, and consulted with my own personal conscience, and find, in my discretion, that I have presided over these proceedings with complete impartiality, in an unbiased, fair, and balanced manner and considered only competent evidence in reaching my determinations. Husband has not and cannot show any prejudice or bias by reason of my conduct or decisions in this matter.
As demonstrated above, each of Husband's complaints against the Court are flatly contradicted by the record or manufactured out of thin air. The Court did not deprive Husband of his right to counsel. To the contrary, Husband appeared on November 6, 2023 with two attorneys, one of whom — Mr. Sipsas — still appears as his attorney of record in NYSCEF. On December 20, 2023, the Court advised Husband of his right to appear with counsel of his choosing in these post-judgment proceedings, noted that he was in fact represented by counsel, and directed him to confirm with Mr. Sipsas that he represented him herein in view of Husband's convenient shifts in position as to when and how Mr. Sipsas could appear in this matter. Moreover, based upon his self-proclaimed self-represented status and without a showing of indigence, the Court provided Husband with 18B attorneys, one of whom he violently rejected and asked to be reported to the Attorney Grievance Committee.
The Court did not deprive Husband of his free speech rights. He may not now challenge in these post-judgment proceedings the restraint contained in the August 2022 Order, as his time [*9]to appeal that Order has long since expired and the First Department dismissed his appeal from the Judgment, into which that Order was subsumed. For the same reason, Husband may not now challenge the Orders issued on the Subject Financial Motions. In addition, the Temporary Order of Protection issued on July 18, 2024 that prohibited him from posting videos of the children, Wife, and their personally identifying information, was narrowly tailored and, in any event, has been vacated.
The Court's Law Clerks and Part Clerk have not withheld any emails, this claim is manufactured. Nor was the Court required to review Husband's emails as soon as he sent them. To the extent there was any delay in receipt of his emails, that does not amount to any violation of any ethical rules. Consequently, there is no basis for the Court to report its Law Clerks to the Attorney Grievance Committee or its Part Clerk to the appropriate disciplinary committee.
This jurist was not removed from any matter in 2022, or any other matter at any other time. Husband's claims that the Court directed the court reporter to withhold transcripts, and has had ex-parte communications with Wife's attorneys, are equally and wholly untrue.
Contrary to Husband's contention, the Court is not required to sign off on proposed orders to show cause that are without merit on their face, or to honor his unilateral attempt to waive oral argument and make all appearances in the Court's virtual courtroom. The Court is well within its authority to manage its motion and conference calendar and its actions in this regard do not establish misconduct or bias.
Husband's mantra that this Court engaged in misconduct are not based in any fact, and his allegations of bias are wholly unsubstantiated, meritless, and, thus, insufficient to warrant disqualification or recusal (Matter of Buck, 225 AD3d 1185; McAuliffe v McAuliffe, 209 AD3d 1119; Levine v N. Shore Long Island Jewish Healthcare Sys., Inc., 163 AD3d 644; In re Oteri, 137 AD3d 917).
Husband is a disgruntled litigant, dissatisfied with the Court's rulings based upon a fair assessment of the facts during proceedings that he refused to attend. However, his "dissatisfaction with the court's rulings . . . do not present appropriate grounds for recusal" (McAuliffe v McAuliffe, 209 AD3d at 1121; Mokay v Mokay, 124 AD3d at 1098). He is a bad actor whose every effort to challenge the Court's Orders — including, but not limited to, making false statements of fact, filing frivolous motions, and lodging veiled and failed threats against the Court, her family and her staff — is for no legitimate purpose and meant solely to avoid the dispositive consequence of his harmful and contemptuous conduct. Husband has, of his own choice, not seen his children since October 2023 and instead spends his time attempting to undermine the Court's Orders. To the extent Husband wishes to appeal the Orders issued on the post-judgment motions, he may do so.
Consequently, Husband's motion to report the Law Clerks and Part Clerk to the disciplinary committee and to disqualify the Court (Motion Seq. 39), is without merit, moot, and denied.
Accordingly, it is hereby
ORDERED that Wife's motion for a Temporary Order of Protection and enforcement of that part of the August 23, 2022 Decision and Order as enjoined and restrained defendant Husband "from discussing the children in connection with this divorce action" with third-parties including but not limited to reporters (Motion Seq. 34), is denied without prejudice solely on procedural grounds. Wife may commence a Family Offense proceeding in New York County Family Court, and/or a plenary action, for the relief requested in the motion; and it is further
ORDERED that the Temporary Order of Protection issued on July 18, 2024, is hereby vacated; and it is further
ORDERED that Husband's cross-motion for a stay of the proceedings (Motion Seq. 34), is denied for his default in appearing in support of the cross-motion, on the merits, and as moot; and it is further
ORDERED that Husband's motion to declare various prior motions "a nullity" and assign them to a different judge for decision (Motion Seq. 37); and motion to report the Court's Law Clerks to the Attorney Grievance Committee, the Part Clerk to the appropriate disciplinary committee and to disqualify this Court (Motion Seq. 39), are denied for his default in appearing in support of the motions, on the merits, and as moot.
DATE 9/23/2024
KATHLEEN WATERMAN-MARSHALL, J.S.C.

Footnotes

Footnote 1:As noted during the financial trial, Husband conveniently disavows Mr. Sipsas' representation on matters for which his retainers applied (see JN v TN, 77 Misc 3d at 902-903), in order to support his self-proclaimed self-represented status.

Footnote 2:See Alton L. Abramowitz and Leigh Baseheart Kahn, The 'Bad Actor Syndrome' in Matrimonial and Family Law: The Misbehaving Spouse or Parent, NYLJ, Sept. 20, 2024 at 3, col 1.