Maurer v Mickel
2026 NY Slip Op 03712
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Michelle L. Maurer et al., Appellants,
v
Sherrie S. Mickel et al., Defendants. Harding Mazzotti LLP et al., Respondents.

Decided and Entered:June 11, 2026
CV-24-1968
Calendar Date: April 28, 2026
Before: Garry, P.J., Clark, Fisher, Mackey And Ryba, JJ.

Law Offices of Daniel A. Zahn, PC, Holbrook (Daniel A. Zahn of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Amanda R. Griner of counsel), for Harding Mazzotti LLP, respondent.
Gordon Rees Scully Mansukhani, LLP, New York City (Marci D. Mitkoff of counsel), for Dalmata Maloy & Burke, LLP, respondent.

[*1]
Ryba, J.
Appeal from an order of the Supreme Court (James Walsh, J.), entered October 16, 2024 in Saratoga County, which, among other things, denied plaintiffs' cross-motion to discharge their attorneys for cause and terminate the attorney liens.
This appeal arises from a dispute concerning the payment of counsel fees, disbursements and liens from a settlement recovered by plaintiffs in the underlying personal injury action stemming from a motor vehicle accident between plaintiff Michelle L. Maurer and defendant Sherrie S. Mickel. Following motion practice by plaintiffs' original counsel, Harding Mazzotti LLP (hereinafter Harding), Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of liability and scheduled a trial as to damages. Subsequently, the relationship between Harding and plaintiffs deteriorated. Following a series of motions, Supreme Court granted Harding's application to be relieved as counsel for plaintiffs and awarded the firm a charging lien upon any recovery obtained in the action.
Plaintiffs subsequently retained Dalmata Maloy & Burke, LLP (hereinafter Dalmata) and entered into a contingency fee agreement with that firm. The matter settled shortly before trial and the proceeds were distributed to Dalmata. Soon thereafter, Harding and Dalmata agreed to reduce their counsel fees, plaintiffs signed a general release and a stipulation of discontinuance was filed. Dalmata then prepared and transmitted to plaintiffs a statement of settlement itemizing the disbursements, liens and counsel fees to be deducted from the gross recovery. Dalmata tendered checks representing plaintiffs' net recovery after such deductions and advised that it was holding the remaining funds in escrow pending resolution of plaintiffs' objections to the payment of certain disbursements and lien claims from the proceeds. Upon receiving the settlement checks and statement of settlement, plaintiffs purported to terminate Dalmata for cause and demanded the remaining funds held in escrow. Plaintiffs similarly notified Harding that the firm was discharged for cause and not entitled to compensation, notwithstanding the fact that Harding was previously relieved as counsel and awarded a charging lien.
Dalmata moved by order to show cause for, among other things, an order directing payment of counsel fees and disbursements from the settlement funds, permitting the deposit of the remaining funds with the court pending resolution of the outstanding lien claims and relieving the firm as plaintiffs' counsel. Plaintiffs, proceeding in a self-represented capacity, appeared on the return date of the motion and verbally requested a hearing as to counsel fees and disbursements. Prior to the scheduled hearing, plaintiffs filed a purported cross-motion alleging that Dalmata was discharged for cause due to legal malpractice and therefore not entitled to compensation in the underlying action. Supreme Court established a briefing schedule with regard to plaintiffs' [*2]purported cross-motion and proceeded with the previously scheduled hearing on Dalmata's motion. After the hearing, plaintiffs served an amended cross-motion, purporting to allege a cause of action for legal malpractice against Dalmata. Supreme Court thereafter issued an order granting Dalmata's motion and directing the payment of counsel fees, disbursements and certain liens from the settlement funds. With regard to plaintiffs' amended cross-motion, Supreme Court deemed it to be procedurally defective because it was unaccompanied by a notice of motion but nonetheless addressed the merits, finding that the malpractice allegations were improperly asserted in the context of plaintiffs' personal injury lawsuit and were otherwise legally and factually deficient. This appeal by plaintiffs ensued.
Initially, Supreme Court properly denied plaintiffs' amended cross-motion. Construing plaintiffs' amended cross-motion as asserting a claim for legal malpractice against Dalmata, a cause of action for legal malpractice must be asserted in a separate plenary action wherein a plaintiff must establish that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, that this failure was the proximate cause of actual damages to the plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (Stone Cast, Inc. v Couch, Dale Marshall P.C., 242 AD3d 1415, 1417 [3d Dept 2025] [internal quotation marks and citations omitted]; see Scott v Schwartz, 236 AD3d 1273, 1275 [3d Dept 2025]). Here, plaintiffs' attempt to assert a malpractice cause of action via cross-motion, rather than by separate plenary action, is a legal nullity. In any event, plaintiffs' conclusory allegations fail to set forth the essential elements to state a prima facie claim of legal malpractice (see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1220 [3d Dept 2017], affd 31 NY3d 1090 [2018]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185-1186 [3d Dept 2015], lv denied 25 NY3d 912 [2015]). To the extent that plaintiffs argue that the amended cross-motion was not framed as a legal malpractice cause of action, this claim is refuted by plaintiffs' request for a preliminary conference, discovery and a jury trial on their malpractice allegations — relief ordinarily available only in a plenary action.
Even construing the amended cross-motion as merely seeking to establish that Dalmata and Harding were discharged for cause and therefore not entitled to compensation from the settlement funds, the record demonstrates that no cause existed. Harding was relieved as counsel for plaintiffs due to the irreparable breakdown of their attorney-client relationship, and Dalmata was abruptly terminated by plaintiffs only after counsel had secured a favorable settlement on their behalf. It is well settled that generalized dissatisfaction with counsel's [*3]performance, disagreements over litigation strategy or loss of confidence do not, without more, constitute cause for discharge (see Doviak v Lowe's Home Ctrs. Inc., 134 AD3d 1324, 1326 [3d Dept 2015], lv denied 27 NY3d 904 [2016]; Wiggins v Kopko, 105 AD3d 1132, 1134 [3d Dept 2013]). Rather, a discharge for cause requires a showing of misconduct, a significant breach of legal duty, or a failure to properly represent the client's interests, none of which were established here (see Sprole v Sprole, 151 AD3d 1405, 1406 [3d Dept 2017]). Inasmuch as plaintiffs' allegations failed to even raise a colorable claim of discharge for cause, the requirement for a formal evidentiary hearing on plaintiffs' allegations was not triggered (see Kasmin v Josephs, 228 AD3d 431, 432 [1st Dept 2024]; Sprole v Sprole, 151 AD3d at 1406; Roe v Roe, 117 AD3d 1217, 1218 [3d Dept 2014]).
Finally, Supreme Court did not abuse its discretion in denying the repeated requests for recusal made by plaintiffs throughout the proceedings. Absent a statutory basis for disqualification, which was not asserted herein, recusal is a matter committed to the trial court's sound discretion (see Judiciary Law § 14; McAuliffe v McAuliffe, 209 AD3d 1119, 1120-1121 [3d Dept 2022]). Here, plaintiffs' unsubstantiated suspicions of bias are unsupported by the record and therefore patently insufficient to require recusal (see Ricky SS. v Christine SS., 241 AD3d 1009, 1015 [3d Dept 2025]; Kopko v Kopko, 229 AD3d 974, 976 [3d Dept 2024], lv dismissed 42 NY3d 1086 [2025]; McAuliffe v McAuliffe, 209 AD3d at 1120-1121). The record demonstrates that Supreme Court managed all stages of the proceedings with impartiality and patience, notwithstanding plaintiffs' combative and disrespectful behavior in the courtroom, and issued rulings based on the merits of the case rather than any alleged bias against plaintiffs (see Kopko v Kopko, 229 AD3d at 976; Matter of Patrick UU. v Frances VV., 200 AD3d 1156, 1161 [3d Dept 2021]).
Plaintiffs' remaining contentions, including their challenge to Supreme Court's decision to allow post-note of issue discovery, are either unpreserved for our review or otherwise lacking in merit.
Garry, P.J., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.